PETHERICK *v.* GENERAL ASSEMBLY OF ORDER OF THE
AMARANTH.

1. TRIAL—OPENING OF COUNSEL—DEFENSES.

Defendant may avail himself of a defense presented by the
testimony, although it was not referred to in the opening state-
ment of his counsel.

2. MUTUAL BENEFIT SOCIETIES — CERTIFICATE OF MEMBERSHIP —
PRESUMPTION OF GOOD STANDING.

A certificate of membership in a mutual benefit society is
proof of the good standing of the member at the time the cer-
tificate was issued, and such good standing will be presumed
to have continued unless the contrary is made to appear.

3. SAME—EVIDENCE TO OVERCOME PRESUMPTION—MEMBER'S BOOK
OF ACCOUNT.

The presumption of good standing is not overcome, in an
action for death benefits, by the introduction in evidence of a
book of the deceased, which contains a printed statement of
quarterly dues, with spaces for the entry of the date of pay-
ment and the name of the financial secretary, showing no
entry of payment as to two quarters' dues; especially if the
same book fails to credit assessments proved to have been
paid.

4. SAME — SUSPENSION FOR NONPAYMENT OF ASSESSMENTS AND
DUES—FORFEITURE OF BENEFITS.

The constitution of a mutual benefit society provided that
"each member shall pay the amount due, on the notice of
the financial secretary, on or before the following 28th day
of the month in which he receives the notice.  The financial
secretary shall notify the president when a member has
failed to pay the amount assessed in the required time, and
the president shall announce the fact to the assembly, and
the member shall stand suspended from the order and all
benefits thereof.  It shall be the duty of the subordinate
secretary to notify the general secretary of such suspension,
and also notify the member suspended."  The constitution
of the local chapter provided that "any member failing to pay
his dues  *  *  *  within the first month of the quarter shall
be declared in arrears,  *  *  *  and, if his dues for the
quarter are not paid on or before the last meeting night of

said quarter, the fact shall be announced by the financial secretary in open assembly, and, if the dues are not paid on or before the next meeting, he shall be declared by the assembly suspended from all benefits of the order." It was further provided by the general constitution that "if a member is delinquent for one or more assessments already called to the benefit fund, or three months or more in arrears for dues, at the time of death, * * * the beneficiary * * * shall not be entitled to benefits from said fund." *Held*, that the mere failure to pay assessments and dues did not, *ipso facto*, work a forfeiture of the benefit certificate.

5. SAME — INFORMAL ACKNOWLEDGMENT OF MEMBER'S INABILITY TO PAY—ESTOPPEL.

A statement by a member of a mutual benefit society to some of his fellow members, to the effect that he is unable to keep up the assessments, and will be compelled to drop the insurance, will not estop the beneficiary named in the membership certificate from asserting a claim for death benefits, where the general constitution and the constitution of the local chapter provide for formal proceedings before suspension and forfeiture can be declared.

Error to Wayne; Frazer, J. Submitted June 16, 1897. Decided September 23, 1897.

*Assumpsit* by Mary Teagan Petherick against the General Assembly of the Order of the Amaranth on a mutual benefit certificate. From a judgment for plaintiff, defendant brings error. Affirmed.

*Sidney T. Miller*, for appellant.

*Maybury & Lucking*, for appellee.

MONTGOMERY, J. Action on a mutual benefit certificate. Plaintiff, the beneficiary named in the certificate, recovered. Defendant brings error. The defenses relied upon in this court are suspension for nonpayment of assessments, failure to pay dues, which, it is claimed, suspends the right to benefits *ipso facto*, and error in excluding evidence of statements made by deceased. It is further claimed that failure to pay assessments operated to suspend the right to benefits without any formal suspension.

1. An attempt was made to suspend the member for nonpayment of assessment No. 21. The jury must have found that this assessment had been paid out of a fund provided for that purpose by the members of the lodge to which deceased belonged. There was ample testimony to support this claim. It is stated in the brief of defendant's counsel that there was a mistake made in referring to the assessment as assessment No. 21. We cannot discover that any such theory was disclosed at the trial.

2. It is further contended that the delinquency of the member and the failure to pay dues for more than three months operate to bar the beneficiaries of benefits. The general constitution on this subject (section 1, law 3) reads as follows:

"If a member is delinquent for one or more assessments already called to the benefit fund, or three months or more in arrears for dues, at the time of death, accident, or total disability, the beneficiary or beneficiaries shall not be entitled to benefits from said fund."

The provisions of the constitution of the local chapter were as follows:

"Any member failing to pay his dues to this assembly within the first month of the quarter shall be declared in arrears, and shall not be entitled to vote, hold office, or receive the pass-word; and, if his dues for the quarter are not paid on or before the last meeting night of said quarter, the fact shall be announced by the financial secretary in open assembly, and, if the dues are not paid on or before the next meeting, he shall be declared by the assembly suspended from all benefits of the order."

It is claimed by plaintiff's counsel that no question of arrearage of dues was tried in the court below, and that no such proof was offered by defendant, and that the opening of counsel was silent on this point. It does appear that no such claim was made in the opening, but it does not follow that the defense was foreclosed if the question was subsequently presented by testimony, or if defendant's contention made on the trial was sound. At the close of the trial, defendant's counsel called attention to

section 1, law 3, above quoted. The court then said: "There is no claim here, as I understand it, that he had been in arrears three months." The defendant's counsel replied: "In dues? There certainly is. It is part of the business of plaintiff's counsel to show that he was paid up in dues at the time of his death." Previous to this there had been a request preferred to take the case from the jury, on the ground that plaintiff had not shown that deceased was in good standing at the time of his death. It is contended that the burden was on plaintiff to show that deceased was not in default as to dues at the time of his death. The question was sufficiently raised, but we think such is not the rule. The case of *Siebert* v. *Chosen Friends*, 23 Mo. App. 268, is cited to sustain the contention. In this case the question was which party was entitled to the opening and closing to the jury. The court did say that—

"The central question was whether, at the time of her death, Gertrude Siebert was a member in good standing. The affirmative of this issue belonged to plaintiff, and the court's ruling [according to plaintiff's counsel the opening and closing] was correct."

But the same court, in *Mulroy* v. *Knights of Honor*, 28 Mo. App. 467, and again in *Stewart* v. *Legion of Honor*, 36 Mo. App. 319, held to the doctrine which obtains elsewhere, that the certificate of good standing is *prima facie* evidence of good standing, and a presumption arises from the issuing of such certificate that good standing continues. See *Supreme Lodge Knights of Honor* v. *Johnson*, 78 Ind. 110; *Dial* v. *Mutual Life Association*, 29 S. C. 560; *Independent Order of Foresters* v. *Zak*, 136 Ill. 185 (29 Am. St. Rep. 318); Nibl. Acc. Ins. & Ben. Soc. § 155; Bac. Ben. Soc. § 414.

The defendant offered no testimony to show nonpayment of dues. The only testimony on the subject was a book in the possession of the insured, which shows on the last page the following:

DUES.

| | Amount. | Date Paid. | | Financial Sec'y. |
|---|---|---|---|---|
| 3d Quarter: July, August, Sept. 4th Quarter: Oct., Nov., Dec. | *1-2 D*ues. | *1-23* | *'93* | *Thos. F. Meek.* |

(Italics represent writing.)

This was not supplemented by any testimony, and the most it can be said to establish is that credit was not entered on the book for the last two quarters' dues. It is significant that the same book fails to credit assessment No. 21, which appears to have been paid. We think, in view of the issue as stated, the plaintiff was entitled to rest on the presumption of good standing, and was not put to the further proof of the subject.

3. We do not think the statement that a failure to pay the dues worked a forfeiture *ipso facto* could be sustained, in view of the provision of the constitution which provided:

"Each member shall pay the amount due, on the notice of the financial secretary, on or before the following 28th day of the month in which he receives the notice. The financial secretary shall notify the president when a member has failed to pay the amount assessed in the required time, and the president shall announce the fact to the assembly, and the member shall stand suspended from the order and all benefits thereof. It shall be the duty of the subordinate secretary to notify the general secretary of such suspension, and also notify the member suspended."

4. Error is also assigned on the ruling excluding a statement made by deceased to members of the order, to the effect that he was unable to keep up the assessments, and would be compelled to drop the insurance. We need not consider the validity of the grounds upon which this testimony was excluded, as in our opinion such a statement, if proved to have been made, would not have

barred either the deceased or the beneficiaries named in the certificate.   None of the elements of estoppel exist.

Judgment will stand affirmed.

GRANT, HOOKER, and MOORE, JJ., concurred.   LONG, C. J., did not sit.