120   689
f132   381

SARAH E. JELLY, Appellee, v. MUSCATINE CITY AND COUNTY MUTUAL AID SOCIETY *et al.*, Appellants.

**Mutual Benefit Society:** SUSPENSION: FAILURE TO PAY DUES. A provision in the constitution of a mutual benefit society that a member failing to pay his assessment within fifteen days after being notified by the secretary shall be suspended is not a self-executing provision, and a member who has failed to pay within the time is still in good standing, no action having been taken to suspend him.

*Appeal from Muscatine District Court.*—HON. E. J. HOUSE, Judge.

TUESDAY, MAY 26, 1903.

ACTION in equity, based upon a certificate of membership in the defendant society. A demurrer to the answer filed by defendants was sustained, and, defendants refusing to plead further, there was a decree in favor of plaintiff as prayed. Defendants appeal.—*Affirmed.*

*E. M. Warner* for appellants.

*Jayne & Hoffman* for appellee.

BISHOP, C. J.—The certificate upon which suit is brought was issued by the defendant society to J. A. Jelly in his lifetime, the date thereof being April 3, 1889. This plaintiff, widow of said J. A. Jelly, is the beneficiary named in such certificate. The certificate is set out by copy in the petition, and therein it is provided that upon the death of said J. A. Jelly his beneficiary shall be entitled to participate in the beneficiary fund of the society to the amount of $1 for each valid certificate then in force; this, however, upon the condition that said Jelly shall have complied in every particular with all the laws,

VOL. 120 IOWA.—44.

rules, and requirements of said society. It is alleged that Jelly died March 31, 1900; that proper proofs of death were furnished to defendant; and that payment has been demanded and refused. The answer admits the issuance of the certificate and the death of Jelly. It is then alleged that the defendant society is one organized for the mutual benefit of its members, and that by its constitution it is provided, among other things, as follows:

"Art. 9.   Upon notification of the death of a member by the secretary, each surviving member shall pay to the secretary the sum of one dollar; and if not paid within fifteen days, the party failing to pay shall be suspended from all benefits of the association.

"Art. 10.   When a member has been suspended for non-payment of assessments, it shall be the duty of the secretary to notify such member of the facts, and if such member pays up all arrearages within thirty days therefrom, he shall be reinstated without action of the association; otherwise he shall be dropped from the roll of membership."

The allegation follows that on March 1, 1900, one Gergen, a member of said society in good standing, died, and that on March 5, 1900, notice of such death was given to said J. A. Jelly, and that he, said Jelly, failed and neglected to pay to the secretary the sum of $1 as provided for by his contract with the society; and defendants say that by reason of such failure and neglect said Jelly became suspended from all benefits in the society. In the demurrer to such answer it is said that the matters set up therein do not constitute any defense to plaintiff's action, for that it does not appear therefrom that said Jelly had ever been suspended from said society, or that he was not in good standing at the time of his death.

We think the demurrer was properly sustained. It is clear that the latter clause of article 9 of the constitution which we have quoted was not intended to be self-execut-

ing.    Some affirmative action on the part of the associa-
tion was contemplated before the certificate holder should
become suspended.    The expression "shall be suspended,"
as the same appears in said article, is declaratory merely
of the right of the association to suspend for nonpayment
of assessments, and it cannot be said that membership or
standing has been lost or forfeited as long as the society
does not see fit to exercise such right.    A mere delinquency
of a member of a mutual benefit association to pay dues or
assessments does not defeat his good standing as long as
he has a right to pay and the association forbears to take
action.    This conclusion finds ample support in the auth-
orities.    Among others that might be cited, see the follow-
ing:    *Warwick v. Sup. Conclave*, 107 Ga. 115 (32 S. E. Rep.
952); *Petherick v. Order*, 114 Mich. 420 (72 N. W. Rep. 262);
*Association v. Schauss*, 148 Ill. 304 (35 N. E. Rep. 747; *Puhr
v. Grand Lodge*, 77 Mo. App. 47; 21 Am. & Eng. Ency.
292; Bacon on Mutual Benefit Association, section 385.

It may be conceded that a mutual benefit society may
so provide in its contracts of membership that a mere
failure to pay assessments, without more, shall operate
*ipso facto* to forfeit all the rights of the delinquent mem-
ber.    To this effect are the cases of *Bosworth v. Aid
Society*, 75 Iowa, 582, and *Leffingwell v. Grand Lodge*, 86
Iowa, 279, cited and relied upon by appellant.    But the
contract of membership exhibited in the case at bar con-
tains no such self-executing provision.    On the contrary,
it provides by fair construction not only for affirmative
action on the part of the society, but for thirty days of
grace to the member after he is notified of such action.
In contracts of this character, force is to be given the pro-
visions thereof which will sustain the contract rather than
work a forfeiture.    *Warwick v. Sup. Conclave, supra*;
*McMaster v. Ins. Co.* (C. C.) 90 Fed. Rep. 40.

It follows from what we have said that the judgment
of the court below should be, and it is, AFFIRMED.