### DICK *v.* GENERAL ASSEMBLY OF ORDER OF THE AMARANTH.

1. BENEFICIAL ASSOCIATIONS—CONSTITUTIONS —AMENDMENT—PRO-
CEDURE.
    Amendments to the constitution of a society must be adopted in substantial accordance with the provisions of the constitution relative thereto and in force at the time.

2. SAME—ASSESSMENTS—NONPAYMENT—FORFEITURE.
    Under the laws of the Order of the Amaranth as they existed in 1895, failure to pay assessments and dues did not of itself work a forfeiture of a member's right to benefits, but affirmative action on the part of the order was required to work a suspension. *Petherick* v. *Order of Amaranth*, 114 Mich. 420, followed.

3. SAME—CONSTITUTION—UNAUTHORIZED CHANGES—ACQUIESCENCE —ESTOPPEL OF MEMBER—QUESTION OF FACT.

Whether a member of a mutual benefit society had notice of changes in its constitution which were illegally adopted, and acquiesced therein so as to estop himself and his beneficiary from questioning the legality of their adoption, constitute a question of fact for the jury.

Error to Wayne; Mandell, J. Submitted April 10, 1907. (Docket No. 12.) Decided December 10, 1907.

Assumpsit by Emma Dick against the General Assembly of the Order of the Amaranth on a mutual benefit certificate. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Reversed.

*Maybury, Lucking, Emmons & Helfman*, for appellant.

*Dickinson, Stevenson, Cullen, Warren & Butzel*, for appellee.

McALVAY, C. J. Plaintiff brought suit as beneficiary under a certain certificate issued by defendant order to her deceased husband, John A. Dick, June 19, 1895. Upon the trial a verdict was directed by the court against plaintiff. From a judgment entered upon such verdict the case is brought before us for review. The facts of the case necessary to be stated in order to understand the questions at issue, are very few.

John A. Dick, a resident of Detroit, was initiated into defendant order, June 17, 1895. The certificate was issued to him and he continued to remain a member in good and regular standing, as is admitted by all parties, until June 28, 1900, when defendant claims he was suspended by reason of nonpayment of assessment. This suspension plaintiff insists was irregular and unlawful. Mr. Dick was what is known as a paying member. He did not attend the meetings of the order. It was understood at the time he joined that he could not attend.

In the application made by him and which is referred to and made a part of the consideration of the benefit certificate was the following statement:

"I further agree that strict compliance with all the laws, regulations and requirements, which are or may hereafter be enacted by the order, is the express condition upon which I am entitled to have and enjoy all the rights, benefits and privileges of the Order of the Amaranth."

It appears to be conceded in the case that appellant's recovery depends upon whether any lawful amendment was made to the constitution and laws of defendant order, which justifies this suspension. The record shows that amendments of the constitution and laws were recommended and submitted as the result of meetings of the representative body of the order held September 8, and October 16, 1897. The result of the submission was that all of the amendments proposed were defeated. This is admitted by defendant. This submission included amendments of the rates, and the provision relative to suspension. It is claimed by defendant that another submission of amendments was made as the result of a special meeting of the representative body of the order held April 7, 1898. This is the submission upon which defendant relies as amending the schedule or rates, and the provision for the suspension of members for nonpayment of assessments.

It is claimed by defendant that the witness general secretary Sinclair testified that the proposition to amend the provision for suspension was submitted. His testimony is not susceptible of that construction. Twenty-five motions (amendments) were submitted. As far as this record shows an amendment relative to suspension was not submitted.

Amendments to the constitution of a society must be adopted in substantial accordance with the provisions of the constitution relative thereto and in force at the time. Niblack on Accident Insurance & Benefit Societies, § 17; *Bear* v. *Heasley*, 96 Mich. 279 (24 L. R. A. 615); *Lemp*

v. *Raven*, 113 Mich. 375; *Kuhl* v. *Meyer*, 42 Mo. App. 474; *Torrey* v. *Baker*, 1 Allen (Mass.), 120.

The provision under which action was taken having been decided to have been of no force, it remains to decide whether, under the law as it was at the time the insurance contract was made, the failure to pay assessments and dues would of itself work a forfeiture. This court has construed this provision of this constitution and held that it would not, but that affirmative action was required to work a suspension. *Petherick* v. *Order of Amaranth*, 114 Mich. 420.

There is a claim made by defendant that Mr. Dick had notice of or acquiesced in these changes, and cannot question the regularity of their adoption. If there is any force in the contention, the question was one of fact to be submitted to the jury. For the errors pointed out, the judgment is reversed, and a new trial granted.

CARPENTER, GRANT, BLAIR, and OSTRANDER, JJ., concurred.