## ROULO *v.* SCHILLER BUND.

1. INSURANCE—BY-LAWS—CONSTITUTION—CONTRACTS.

   Provisions of the by-laws of a mutual benefit association, dispensing with notice to defaulting policy holders that is expressly required by the constitution of the order, must yield in case of irreconcilable conflict, to the constitutional requirements, by which the policy will be governed.[1]

[1] As to conflict between by-laws and certificate, or policy, of mutual benefit society or insurance company, see note in 47 L. R. A. 681.

2. Same—Presumption.

> In interpreting by-laws of a local body, they will be presumed to have been enacted in contemplation of general constitutional requirements of the order.

3. Same.

> Where a by-law of a lodge required all members to pay assessments promptly to the secretary before a stated date, or lose the benefits of the association without special notice, the court will harmonize the by-law with constitutional provisions requiring notice to the member of his default, and if notice was not given, the policy remained in force.

Error to Wayne; Mandell, J. Submitted June 13, 1912. (Docket No. 99.) Decided November 8, 1912.

Assumpsit by Elizabeth Roulo against the Schiller Bund upon a benefit certificate. Judgment for plaintiff upon a directed verdict. Defendant brings error. Affirmed.

*John H. Dohrman,* for appellant.

*Charles L. Coulson* (*George X. M. Collier,* of counsel), for appellee.

McAlvay, J. Plaintiff, the beneficiary named in a certain beneficiary fund certificate issued to her husband by the defendant, a mutual benefit insurance society, organized and doing business under the laws of the State of Michigan, brought suit against defendant to recover the amount claimed to be due her as such beneficiary. Joseph Edward Roulo, the deceased husband, was received as a member of the local verein or lodge No. 3, in Detroit, of the Schiller Bund, February 26, 1907, and the following certificate was issued to him:

"Schiller Bund.

"German Life Insurance Society of the city of Detroit, county of Wayne and State of Michigan, incorporated under the laws of the State.

"Beneficiary Fund Certificate.

"Know all men by these presents, that Joseph Edward

Roulo, has been accepted as a member in the Schiller Bund, Schiller Verein No. 3, and that as such member, he is entitled to all the rights and privileges of the bund, and that after his demise an amount not exceeding the sum of one thousand dollars shall be paid out of the benefit fund of the society to his wife, Elizabeth Roulo, in conformity with paragraphs 18 and 19 of the constitution of the society.

"This obligation is only valid and in force if the above-named member of the society has in every respect complied with the laws of the Schiller Bund, and in case of his failure to do so this obligation to become null and void and of no effect.

"In testimony whereof, we, as officers of the executive committee of the Schiller Bund, have hereunto affixed the seal of the bund, as well as our own signatures at Detroit, this 26th day of February, A. D. 1907.

"The President of the Executive Committee of the Schiller Bund,

"JULIUS SOMMERFIELD.

"The Secretary of the Executive Committee of the Schiller Bund,

"WILLIAM HAASE.

"Signature of the member:

"JOSEPH EDWARD ROULO.

"Witness to above signature:

"AUGUST SIEVERT,
"President of Verein No. 3;
"ERNEST VOSS,
"Secretary of Verein No. 3."

He died September 14, 1910. The last payment made by him to the society, as appears from his passbook, was on July 28, 1910. The trial resulted in a judgment in favor of plaintiff upon a directed verdict for $997.60. A like motion made by defendant at the same time was denied, and later a motion for a new trial was also denied.

The case is here for review upon a writ of error. The brief of defendant and appellant is confined to a discussion of the error assigned upon the direction of a verdict for plaintiff. The determination of this question rests entirely upon the construction given to the provisions of the constitution of the above corporation and the by-laws of the

verein or local lodge No. 3, of which deceased was a member. It appears from the notice attached to the plea, that defendant relies upon the claimed failure by plaintiff's decedent to pay assessment No. 180, of the month of August, 1910, before the 28th day of said month or at any time, and that thereby at the time of his death he was not entitled to any benefit under his certificate, which had become null and void by his failure to comply with the requirements of the constitution and by-laws of the defendant. It is an admitted fact upon the record that plaintiff's decedent died on the date mentioned, and no question is raised as to proofs of death or proper presentation of plaintiff's claim under this certificate as beneficiary, or that he was in arrears for nonpayment of any other assessment, and one payment of 50 cents for quarterly dues. The following provisions of the constitution and by-laws require consideration:

"Article 17.—Membership.

" Subsec. *m.*—Every member of the bund shall receive, after initiation, a certificate of his or her class, duly executed, and shall signify his or her acceptance of the laws of the bund with his or her full signature.

" Subsec. *n.*—Every member is obliged to pay all assessments called by the executive committee promptly, failure to do so forfeits all rights and privileges as a member."

"Subsec. *v.*—A member failing to pay dues to the society within the prescribed time shall lose benefits in the bund as well as a member not paying the assessments."

"Article 20.

" The assessments are called by the executive committee and not more than one assessment shall be called for each death. The executive committee shall, however, have power to call an assessment every six months for the purpose of establishing a reserve fund. One assessment per month shall be levied without further notice until the reserve fund shall have reached the required amount. After the reserve fund has reached the required amount the executive committee may relinquish this rule. Should a member fail to pay an assessment within the time specified, such member shall be out of benefit, but thirty days' time may be given

to pay the arrearages, and if paid within this time the member shall again be considered in good standing from the date of such payment. Should a member neglect to pay the assessments during this time it shall become the duty of the secretary to notify the member before the 28th day of the second month by registered letter to pay the assessment together with 50c for costs within ten days after the 28th day of the second month, otherwise, the member shall be stricken from the roll. The executive committee may grant thirty days' further time to a member about to be stricken. The executive committee shall have power to call assessments in all cases where it shall consider it for the benefit of the bund to see that two full assessments be on hand and ready for payment at all times in the beneficiary fund. The final accounting of an assessment, or determining the amount of the respective beneficiary shall take place 60 days after calling the assessment through the secretary of the bund."

The following by-laws of Verein No. 3, Schiller Bund, were put in evidence and are material:

"Paragraph 15. To cover the necessary cost of management, every member is obliged to pay quarterly in advance the sum of 50c to the financial secretary. Upon failure to do so the member loses all benefits accruing from the bund.

"Paragraph 16. All members are to make all payments promptly to the financial secretary within the time specified, that is, every month up to the 28th, otherwise they shall be out of benefit without special notice."

The record shows from the passbook of plaintiff's decedent that from the time of his initiation, February 14, 1907, up to and including July 28, 1910, his initiation fee and all assessments in serial number from 134 to 179, inclusive, and all quarterly dues which were charged against him, with the exception perhaps of the quarter beginning July 1, 1910, were paid and receipted for by E. Voss, financial secretary of Verein No. 3. These payments are not disputed. They were made by the deceased at his house to a Mr. Schultz, at the time vice president of the above verein, who took the book and

the money to the secretary who entered the payments and signed his name.

Appellant claims that, under the provisions of the by-laws above quoted, deceased, not having paid assessment No. 180 when due, on the 28th day of August, 1910, forfeited all right and privilege of benefit as a member; that these provisions are self-executing. Subsection "$n$" of article 17 of the constitution, already quoted, makes provision for the payment of all assessments promptly, and failure to do so forfeits all rights and privileges as a member. Subsection "$v$," also above quoted, provides that failure of a member to pay dues "within the prescribed time shall" deprive him of "the benefits in the bund as well as a member not paying assessments." Article 20 of the constitution of the bund, above quoted, provides explicitly for all assessments which may be called by the executive committee, the only body authorized to make any assessments, as follows:

(1) Not more than one assessment shall be called for each death.

(2) The executive committee shall have power to call an assessment every six months for the purpose of establishing a reserve fund.

(3) "One assessment per month shall be levied without further notice until the reserve fund shall have reached the required amount." Then said committee may relinquish its rule.

Article 20 of the constitution also provides that—

"Should a member fail to pay an assessment within the time specified such member shall be out of benefit, but thirty days' time may be given to pay the arrearages and if paid within this time the member shall again be considered in good standing from the date of such payment."

Further provision is made as follows:

"Should a member neglect to pay the assessments during this time it shall become the duty of the secretary to notify the member before the 28th day of the second month by registered letter to pay the assessment together with 50c for costs within ten days after the 28th day of

the second month, otherwise the member shall be stricken from the roll."

By this constitutional provision, a positive duty is imposed upon the society through its secretary to notify a delinquent member, in the manner pointed out, to pay such assessment, with costs, before his benefits become forfeited. In this case this duty was not performed. *Petherick* v. *Order of the Amaranth,* 114 Mich. 420 (72 N. W. 262); *Dick* v. *Order of the Amaranth,* 150 Mich. 215 (113 N. W. 1125).

The whole contention of appellant rests upon the provisions of the by-laws 15 and 16, above quoted, regarding payment of dues and assessments; it being claimed that, if such payments are not made on or before the 28th of the month, all benefits are forfeited. If this contention is correct, these by-laws are directly in conflict with the provisions of article 20 of the constitution, which we have restated at length for the purpose of ascertaining whether there is a conflict between these provisions, or whether they can be reconciled. Paragraph 15 of the by-laws quoted fixes the quarterly dues at 50 cents, payable quarterly in advance. "Upon failure to do so a member loses all benefits accruing from the bund." Paragraph 16 requires members to make all payments promptly within the time specified; "that is, every month up to the 28th, otherwise they shall be out of benefit without special notice."

The clear provisions of the constitution of the order of which deceased was a member must be considered as its fundamental law, and if by fair construction the provisions of these by-laws cannot be reconciled therewith, the fundamental law must govern. These provisions of the constitution require affirmative action on the part of the local body. In the instant case no such action is claimed to have been taken. On the contrary, it is insisted that no action is required.

In our opinion, the by-laws may be construed to be in harmony with the fundamental law of the order. In sup-

port of this construction we find that the two by-laws relied upon by appellant are upon the same subjects as subsections "*n*" and "*v*" of article 17 of the constitution, above quoted, and in terms they are very similar. It is evident that the local body had in mind, in the enactment of these by-laws, the provisions of the constitution upon these matters, and it will be presumed that the intention was to be in accord with such provisions. The constitutional provisions of article 17, being subdivisions "*n*" and "*v*" must be read together and in connection also with the provisions of article 20, relative to the necessity of notice to be given to a delinquent member. These paragraphs of article 17 of the constitution provide that a member delinquent in payment of assessments and one delinquent for nonpayment of dues are to be treated alike before rights to benefits are forfeited. This is made clear from a reading of the subsection relative to dues, which provides that a delinquent "shall lose benefits in the bund as well as a member not paying assessments," a reasonable interpretation of which would be "in the same manner," or "under the same conditions," "as a member not paying assessments." In further support of this construction, we find that payments under both by-laws were treated exactly alike. Attention is called to the evidence in the record, which shows that it was not expected or required that dues should be paid earlier than assessments, but both were paid and accepted on or before the 28th of each month. This has been the practical construction given to these by-laws by the officers and members of this order.

In the instant case, as already determined, affirmative action on the part of the order was required to be taken before the right of a member to benefits could be forfeited. It is admitted that no such action was ever taken.

We, agree, therefore, with the conclusion of the trial court that the right of the deceased and his beneficiary to benefits under the certificate in question had not been for-

feited, and that plaintiff was entitled to recover.   The trial court was not in error in directing a verdict for the plaintiff for the amount stated.

The judgment of the circuit court is affirmed.

MOORE, C. J., and STEERE, BROOKE, STONE, and BIRD, JJ., concurred.   OSTRANDER, J., did not sit.