ZWILLER v DETROIT COCA-COLA BOTTLING COMPANY

Docket No. 76946. Submitted February 21, 1985, at Detroit.—Decided May 23, 1985.

Edward and Irene Zwiller brought an action for damages against the Detroit Coca-Cola Bottling Company based upon an injury suffered by Edward Zwiller when a cap exploded from the bottle and struck him in the eye after he had dropped the bottle down a stairway. The Wayne Circuit Court, Thomas J. Foley, J., entered a judgment on a jury verdict of no cause of action. Plaintiffs appealed, alleging that the trial court erred in granting the defendant's request to instruct the jury on comparative negligence. *Held:*

1. The comparative negligence instruction was applicable, as plaintiff Edward Zwiller's cross-examination testimony indicated that he may have been negligent.

2. The failure of defendant to raise the issue of comparative negligence in its opening argument did not preclude the instruction because a defendant may avail itself of a defense which is presented by testimony even where not referred to in the opening statement. Furthermore, the failure to present a defense in the defendant's theory of the case or closing argument does not operate as a waiver of the defense.

3. Because of the special verdict form utilized, the jury never had to consider the negligence of the plaintiff. Thus, no harm resulted from the giving of the instruction.

Affirmed.

SHEPHERD, J., concurred for the reason that the error, if any, was harmless.

1. TRIAL — JURY INSTRUCTIONS — STANDARD JURY INSTRUCTIONS.

A Standard Jury Instruction must be given where it is applicable,

---

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Trial § 610.

Construction of statutes or rules making mandatory the use of pattern or uniform approved jury instructions. 49 ALR3d 128.

[2, 3] Am Jur 2d, Trial § 202 *et seq.*

See the annotations in the ALR3d/4th Quick Index under topic Argument of Counsel.

accurate, and requested by a party; the determination of a requested instruction's applicability is addressed to the discretion of the trial court (GCR 1963, 516.6[2]).

2. TRIAL — DEFENSES — OPENING STATEMENT.

A defendant may avail himself of a defense which is presented by testimony even though it is not referred to in the opening statement.

3. TRIAL — DEFENSES — WAIVER OF DEFENSE.

Failure to present a particular defense in the defendant's theory of the case or in closing argument does not operate as a waiver of the defense.

*Vandeveer, Garzia, Tonkin, Kerr, Heaphy, Moore, Sills & Poling, P.C.* (by *James M. Prahler*), for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *James S. O'Leary* and *Ernest R. Bazzana*), for defendant.

Before: WAHLS, P.J., and SHEPHERD and E. A. QUINNELL,* JJ.

PER CURIAM. Plaintiffs appeal as of right from a judgment on a jury verdict of no cause of action entered by the trial court on February 16, 1984. We affirm.

As plaintiff Edward Zwiller was carrying a 6-pack of soda pop down his basement stairs to a refrigerator, a bottle dropped from the pack and fell several steps. Plaintiff placed the 6-pack inside the refrigerator and then walked over to the fallen bottle and picked it up. As he was placing the bottle in the refrigerator, the cap exploded from the bottle and flew into his eye. During trial, defendant, Detroit Coca-Cola Bottling Company, requested that the jury instructions include SJI 10.04 and 11.01 on comparative negligence. Al-

* Circuit judge, sitting on the Court of Appeals by assignment.

though defense counsel did not specifically mention the defense of comparative negligence in his opening statement, closing argument or theory of the case, he did solicit testimony from plaintiff indicating there may have been negligence. Over plaintiff's objection, the instructions were given. The jury was then given a special verdict form which directed it to address the issue of whether defendant was negligent first, and then address whether defendant had breached an implied warranty. Only if the jury answered either of these two questions affirmatively was it to address the final issue of plaintiff's negligence. The jury answered the first two questions in the negative and, therefore, never reached the third question.

A standard jury instruction must be given when applicable, accurate and requested by a party. *Javis v Ypsilanti School Dist Bd of Ed,* 393 Mich 689; 227 NW2d 543 (1975), GCR 1963, 516.6(2). The determination of the applicability of a requested standard jury instruction is addressed to the trial court's discretion. *Zmija v Baron,* 119 Mich App 524; 326 NW2d 908 (1982). Plaintiff's testimony on cross-examination was evidence of his comparative negligence. Therefore, the trial court's ruling was correct.

Plaintiffs contend that the instructions should not have been given because of defendant's failure to raise comparative negligence in its opening statement, closing argument or theory of the case. However, it is a well established rule that a defendant may avail itself of a defense, not referred to in the opening statement, which is presented by testimony. *Petherick v General Assembly of Order of the Amaranth,* 114 Mich 420; 72 NW 262 (1897). Furthermore, failure to present a defense in defendant's theory of the case or closing argument does not operate as a waiver of the defense. *People v*

*Blankenship,* 108 Mich App 794, 800; 310 NW2d 880 (1981), *lv den* 412 Mich 857 (1981). Therefore, there was no error in the giving of the instructions.

In any event, the jury was given a special verdict form and found in favor of defendant on the first two questions. Therefore, the jury never had to consider the issue of whether plaintiff was negligent. Thus, it is apparent that no harm resulted from the giving of the instruction.

Affirmed.

SHEPHERD, J., concurs for the reason that the error, if any, was harmless.