PEOPLE v JACKSON

Docket No. 78-2280. Submitted April 3, 1979, at Grand Rapids.—
Decided May 29, 1979.

Henderson Jackson was convicted of statutory rape in Kent
Circuit Court, Stuart Hoffius, J. His conviction was affirmed on
appeal. *People v Jackson* (Docket No. 17698, decided December
2, 1974 [unreported]). A delayed appeal was eventually filed and
denied by the Supreme Court, 401 Mich 804 (1977). At his trial,
the only evidence connecting defendant to the crime was his
identification by the victim. A chemist, as a witness for the
prosecution, testified that he was not given any blood or sperm
samples of the defendant and there was nothing in his tests
that would connect defendant with the seminal secretion stains
found on the victim's panties. On February 3, 1977, upon
request of the State Appellate Defender office, the same chem-
ist analyzed blood and saliva samples taken from defendant to
determine his blood type and secretor status. At a June 20,
1977, evidentiary hearing on defendant's motion for a new
trial, it was the chemist's expert opinion, as gathered from his
tests, that defendant did not leave the secretions that were
found on the panties and, although he could not be absolutely
certain, he was confident his tests were accurate. Judge Hoffius
denied defendant's motion for a new trial on the grounds of
newly-discovered evidence. The court concluded that the evi-
dence was speculative and not likely to render a different result
probable on retrial, that the chemist was not positive of his
secretor or nonsecretor tests and that such evidence could have
been introduced by defendant at trial. Defendant appeals. *Held:*

A new trial will be granted for newly discovered evidence
only if there is a showing that the evidence is newly discovered,
not merely cumulative, could render a different result on
retrial and could not have been reasonably produced at trial.
The trial court apparently agreed that the evidence was newly
discovered and not cumulative. The chemist's testimony raises
a serious question as to whether defendant was the victim's
assailant, a question for jury consideration which would make a

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur 2d, New Trial §§ 166-169, 171, 172, 176-180.

different result possible on retrial. The chemist's report and notes were apparently not introduced at trial and defendant had no reason to rebut his testimony that the underwear contained seminal stains. The lower court's finding that this evidence could have been produced is also of doubtful validity. Therefore, there was a showing of all four requirements necessary for the granting of a new trial based on newly discovered evidence. Defendant's motion for a new trial should have been granted.

Reversed and remanded.

CRIMINAL LAW — NEW TRIAL — EVIDENCE — NEWLY DISCOVERED EVIDENCE.

A new trial based on newly discovered evidence will be granted only if there is a showing that: (a) the evidence is newly discovered; (b) the evidence is not merely cumulative; (c) the evidence is such as to render a different result probable on retrial; and (d) the defendant could not with reasonable diligence have produced the evidence at trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Assistant Prosecuting Attorney, for the people.

*Daniel J. Wright,* Assistant State Appellate Defender, for defendant.

Before: D. E. HOLBROOK, JR., P.J., and R. B. BURNS and BASHARA, JJ.

PER CURIAM. Defendant appeals, by delayed appeal, his conviction for statutory rape, a violation of former MCL 750.520; MSA 28.788, and from the trial court's subsequent order denying his delayed motion for new trial.

Defendant's conviction was originally affirmed by this Court in an unpublished per curiam opinion, *People v Jackson* (Docket No. 17698, decided December 2, 1974). Delayed appeal was eventually filed by the State Appellate De-

fender and denied by the Supreme Court. 401 Mich 804 (1977). The present appeal raises issues which were not raised in the prior appeal.

At trial, the only evidence connecting defendant to the crime was his identification by the victim. A chemist from the Department of Public Health in the division of Crime Detection, who conducted microscopic, chemical, and biological examinations on trace evidence for law enforcement agencies in Michigan, testified on behalf of the prosecution. He testified that the victim's underwear contained seminal stains. He testified there was nothing in the tests connecting defendant with the specimen he examined, and although he could never make a specific connection between the person and the seminal secretion, in some instances he was able to eliminate particular people from the connection. However, he was not given any blood or sperm samples of defendant.

On February 3, 1977, upon the request of the State Appellate Defender office, the chemist analyzed blood and saliva samples taken from defendant in order to determine his blood type and secretor status. He determined from these tests that defendant was a blood type O and confirmed that he was a type O secretor.

At a June 30, 1977, evidentiary hearing on defendant's motion for a new trial, the chemist testified that he recalled, with the help of notes taken during his original sperm tests, that the victim's assailant was a nonsecretor. The notes on his tests indicated that the person involved did not secrete either A, B or H antigenic substances. In his expert opinion, defendant did not leave the secretions that were found on the panties. He did admit he was not absolutely certain that any method could be positively determinative of se-

cretor or nonsecretor status, but he was confident these tests were accurate.

The trial court denied defendant's motion on the grounds that the newly-discovered evidence was of such a speculative nature that it would not likely render a different result probable on a retrial. It found that the chemist was not positive of the test as to whether the semen was from a secretor or a nonsecretor and performed no test to confirm his initial tentative finding. Additionally it found that such evidence could have been introduced by defendant at trial.

A new trial will be granted for newly-discovered evidence only if there is a showing: (a) that the evidence is newly discovered; (b) that the evidence is not merely cumulative; (c) that the evidence is such as to render a different result probable on retrial; and (d) that the defendant could not with reasonable diligence have produced it at trial. *People v Terry Burton,* 74 Mich App 215; 253 NW2d 710 (1977).

The lower court apparently agreed that the evidence was newly discovered and that it was not cumulative. The question then is whether the evidence was too speculative to make a different result probable on retrial and whether defendant could not with reasonable diligence have produced it at trial. The lower court's finding that the evidence was too speculative to make a different result probable on retrial is, in our opinion, erroneous. The chemist was confident that the tests were accurate and that in his expert opinion the tests done on stains from the victim's panties seriously question whether defendant was in fact her assailant. The fact that he could not assign a degree of certainty to his opinion is a matter which can be weighed by the jury. This evidence

could well make a different result possible on retrial, since the only evidence against defendant at the original trial was his identification by the victim.

The lower court's finding that this evidence could have been produced by defendant at trial is also of doubtful validity. The chemist's report and notes were apparently not introduced at trial, and defendant had no reason to rebut his testimony that the underwear contained seminal stains. Moreover there is no evidence that defendant and his counsel possessed the required scientific knowledge to interpret the notes.

Because there was a showing of all four requirements necessary for the granting of a new trial based on newly discovered evidence as set forth in *Burton, supra,* the lower court reversibly erred when it denied defendant's motion for a new trial. Defendant's conviction is reversed and the cause is remanded for a new trial.

Reversed and remanded.