## PEOPLE v BLANKENSHIP

Docket No. 51768. Submitted June 1, 1981, at Grand Rapids.—Decided August 19, 1981. Leave to appeal denied, 412 Mich 857.

Robert R. Blankenship was convicted by a jury in Barry Circuit Court of breaking and entering an occupied dwelling with intent to commit larceny and was sentenced, Hudson E. Deming, J. Defendant appeals. *Held:*

1. The trial court did not err by excluding from evidence the testimony of a cellmate of an accomplice that the accomplice had made an admission against penal interest which tended to exculpate defendant.

2. The trial court erred by denying defendant's request for a jury instruction on the defense of drug intoxication. The court's failure to give the requested instruction deprived the defendant of his right to have a properly instructed jury pass on the evidence. This error cannot be regarded as harmless.

Reversed and remanded for a new trial.

1. WITNESSES — CRIMINAL LAW — STATEMENTS AGAINST INTEREST — HEARSAY — AVAILABILITY FOR TRIAL.

Statements against penal interest are admissible as an exception to the hearsay rule where the declarant is unavailable for trial; however, these statements are not admissible and the penal interest exception does not apply where the declarant is available for trial and the testimony is not against the interests of the witness.

2. CRIMINAL LAW — BREAKING AND ENTERING — SPECIFIC INTENT.

Breaking and entering with intent to commit larceny is a specific intent crime.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 620.

What constitutes statement against interest admissible under Rule 804(b)(3) of Federal Rules of Evidence. 34 ALR Fed 412.

[2] 13 Am Jur 2d, Burglary § 24.

[3, 4, 6] 45 Am Jur 2d, Intoxicating Liquors § 402.

75 Am Jur 2d, Trial § 743.

Modern status of the rules as to voluntary intoxication as defense to criminal charge. 8 ALR3d 1236.

[5] [75 Am Jur 2d, Trial §§ 698, 699.

3. CRIMINAL LAW — SPECIFIC INTENT — VOLUNTARY INTOXICATION — JURY INSTRUCTIONS.

> Voluntary intoxication can be shown to negate the requisite intent necessary to commit a crime involving specific intent and, where evidence is produced showing intoxication, an instruction on the defense should be given.

4. CRIMINAL LAW — JURY INSTRUCTIONS — INTOXICATION.

> A defendant is entitled to a requested instruction on intoxication if there is any evidence tending to establish the defense.

5. TRIAL — DEFENSES — COURT RULES.

> A defendant is not required to submit a theory of the case nor give a final argument and failure to present a defense at either optional point in a trial should not waive that defense (GCR 1963, 507.6, 516.7[a]).

6. CRIMINAL LAW — DEFENSES — INTOXICATION — JURY INSTRUCTIONS.

> A trial court need not deliver an intoxication defense instruction that is supported by evidence when counsel neither argues that theory to the jury nor requests an instruction on it.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Judy A. H. Hughes,* Prosecuting Attorney, for the people.

*David H. Tripp,* for defendant.

Before: R. B. BURNS, P.J., and ALLEN and T. GILLESPIE,* JJ.

PER CURIAM. Defendant was convicted by a jury on January 18, 1980, of breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305. Sentenced to 5 to 15 years in prison, he appeals by right.

The chief actors in the breaking and entering scenario are defendant and various members of the Raines family. David Raines, defendant's former housemate, was an alleged participant in the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

crime, and Rozella McGhee, David's sister, lived in the trailer that was broken into. David's father, defendant's next-door neighbor, saw defendant and David carrying guns and a tape recorder from a van into their house. The father's telephone call to police led to a search warrant and the arrest of defendant and David.

On appeal, defendant first argues that the trial court erred in excluding from evidence the testimony of David Raines' cellmate, who stated in an offer of proof:

"*Q.* Okay. Did Mr. Raines explain anything further about the breaking and entering?

"*A.* We talked, yeah. He said it was Bob's [defendant's]—Bob was kind of a chump about it, because he really didn't take part in it and that it didn't make any difference because he was going to fix it up anyway.

"*Q.* Did he say anything about his participation in it?

"*A.* Oh, yeah. He told me they did it.

"*Q.* That who did it?

"*A.* He said Bob was so messed up, he said, that the—he said that the—he said he was out of it, that they had all been really high that day."

The prosecution objected, claiming this was inadmissible hearsay. Defendant argued that the statement was admissible under an exception to the hearsay rule as an admission against penal interest. MRE 804(b)(3). The court sustained the objection.

We observe that the statement was not truly against Raines' penal interest. While he admitted involvement in the crime, his observation that all the participants were "really high" tended to be exculpatory for it was evidence of an intoxication defense. Such an exculpatory statement lacks the requisite indicia of truthfulness that make a state-

ment that is truly against penal interest reliable, so the trial court properly excluded it.

Even if the statement had been against Raines' interest, defendant, the party seeking to introduce the evidence, failed to establish that it fell within the exception. No proof was offered that the declarant was unavailable and no corroborating circumstances were shown. Failure to meet this burden is ground for excluding the evidence. *Sanborn v Income Guaranty Co,* 244 Mich 99, 107; 221 NW 162 (1928).

MRE 804(b)(3) provides that a statement against penal interest is admissible when the declarant is unavailable. The rule further provides:

"A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement."

The requirement of corroborating circumstances is a departure from prior Michigan law. *People v Ernest Edwards,* 396 Mich 551, 565; 242 NW2d 739 (1976).

Defendant argues on appeal that Raines was unavailable because he could have claimed a Fifth Amendment privilege and refused to testify. MRE 804(a)(1). While Raines had a right to claim this privilege, defendant offered no proof that Raines would have asserted the privilege if subpoenaed. As defendant never established the witness's unavailability, the trial court properly excluded the hearsay testimony. *Knight v Michigan,* 99 Mich App 226, 234; 297 NW2d 889 (1980), *People v Dortch,* 84 Mich App 184, 191; 269 NW2d 541 (1978).

Defendant also argues that corroborating circumstances were shown because the witness had

been a police informer and because the statement was made when the witness and the declarant were incarcerated together. These facts do nothing to corroborate the statement asserted by the declarant—that defendant was "high" when the offense was committed. The fact that the witness had been a police informant has no bearing on the trustworthiness of the declarant. In the absence of a showing of corroborating circumstances, the court properly excluded the testimony. *Dortch, supra,* 191.

Defendant next contends that the court erred in refusing to instruct the jury on the defense of drug intoxication, arguing that adequate evidence on the defense was before the jury.

Breaking and entering with intent to commit larceny is a specific intent crime. *People v Kubasiak,* 98 Mich App 529, 539; 296 NW2d 298 (1980). Voluntary intoxication can be shown to negate the requisite intent. Where evidence is produced showing intoxication, an instruction on the defense should be given. *People v Guillett,* 342 Mich 1; 69 NW2d 140 (1955), *People v Kelley,* 21 Mich App 612, 621; 176 NW2d 435 (1970).

Janis Marrow, defendant's girlfriend, testified:

"*Q.* When Mr. Blankenship arrived in the morning, did you notice anything about the way he walked?

"*A.* Yes, staggering.

"*Q.* Staggered?

"*A.* Um-hum.

"*Q.* Okay. Did Mr. Blankenship speak very much?

"*A.* No more than normal. He, you know, didn't talk to me that much, just—

"*Q.* Un-huh. But when he spoke, how did he speak?

"*A.* Drawn out—

"*Q.* Uh-huh.

"*A.* —slow.

\* \* \*

"*Q.* Did you see Mr. Blankenship take any pills or any drugs that morning?

"*A.* Yes.

"*Q.* Do you know what drugs he took?

"*A.* Yes.

\* \* \*

[Objection sustained.]

"*Q.* Okay. Did you notice what sort of a bottle they came from?

"*A.* Prescription bottle, you know, a brown bottle.

\* \* \*

"*Q.* Did you notice if there was anything on that prescription bottle?

"*A.* No. I didn't look at it."

This evidence indicates that defendant may have been intoxicated at the time of the offense.

Different panels of this Court have disagreed about the quantum of evidence a defendant must produce before he is entitled to an instruction on voluntary intoxication. In *People v McLean,* 52 Mich App 182, 185-186; 217 NW2d 138 (1974), one panel held that an instruction was needed only when testimony presented would warrant a jury in finding voluntary intoxication. This standard was rejected in favor of the "any evidence" standard in *People v Hansma,* 84 Mich App 138, 146-147; 269 NW2d 504 (1978). For the reasons stated in the *Hansma* opinion, we believe it represents the better view.

The *Hansma* Court reasoned that an instruction on other defenses, such as insanity, is required when a defendant produces any evidence tending to establish that defense. The Court also recognized that the "any evidence" test is more consistent with the prosecution's burden of proof beyond

a reasonable doubt. *Hansma, supra,* 146-147. The *Hansma* reasoning is persuasive. We believe that any evidence tending to establish the intoxication defense should have been considered by the jury when it determined whether the prosecution proved that the defendant had the requisite intent. Failure to give an intoxication instruction that was supported by evidence was error.

The court stated a second ground for denying defendant's request: defendant had not argued the intoxication defense to the jury or included it in his theory of the case. A defendant is not, however, required to submit a theory of the case, nor must he give a final argument. GCR 1963, 516.7(a), 507.6. Failure to present a defense at either optional point in a trial should not waive that defense.

This Court has held that a trial court need not deliver an intoxication defense instruction that is supported by evidence when counsel neither argues that theory to the jury nor requests an instruction on it. *People v Hawkins,* 34 Mich App 60, 62-63; 190 NW2d 723 (1971). In this case, unlike *Hawkins,* counsel requested an instruction.

We recognize that in some circumstances an instruction on a defense not argued to the jury might result in confusion. Here, however, the testimony was relatively brief and the evidence supported the instruction. We conclude that the court's failure to give the requested instruction deprived the defendant of his right to have a properly instructed jury pass on the evidence.

This error cannot be regarded as harmless. The unusual facts of this case suggest that at least one juror might have found that defendant possessed no larcenous intent when, after consuming some pills, defendant and his housemate entered the

housemate's sister's home. It is possible that, in a trial free of error, one juror might have voted to acquit. *People v Christensen,* 64 Mich App 23, 33; 235 NW2d 50 (1975).

Reversed and remanded for a new trial.