PEOPLE v WILLIAMS

Docket No. 67970. Submitted June 19, 1984, at Detroit.—Decided
    August 20, 1984.

Donald J. Williams was convicted of two counts of first-degree
    murder and one count each of armed robbery and felony-fire-
    arm, Recorder's Court of Detroit, Craig S. Strong, J. Defendant
    appealed, alleging error in allowing the prosecutor to impeach
    one of his own witnesses who was not a res gestae witness, in
    allowing the admission of certain hearsay evidence, in not
    allowing the admission of other hearsay evidence, and in allow-
    ing certain remarks by the prosecutor. *Held:*

    1. A prosecutor may impeach a prosecution witness only if it
    is a res gestae witness or if the witness's testimony is contrary
    to what had been anticipated and was actually injurious to the
    prosecution's case. The witness's testimony was not actually
    injurious to the prosecution's case and should not have been
    admitted. The error, however, does not require reversal.

    2. An error in a criminal trial does not require reversal of
    the defendant's conviction where the error was not intrinsically
    offensive to the maintenance of a sound judicial system and it
    is not reasonably possible that, had the trial been free of the
    error, any juror would have voted to acquit the defendant.

    3. The improperly admitted hearsay evidence does not re-
    quire reversal.

    4. The court properly refused to allow a prior hearsay state-
    ment by an accomplice to the effect that at the time of the
    murders he and defendant were out stealing cars. A statement
    is not admissible as a statement against penal interest where it
    appears that the declarant had some other motive which would
    likely lead him to misrepresent the facts.

    5. The remarks of the prosecutor were based on fair infer-

REFERENCES FOR POINTS IN HEADNOTES

[1] 81 Am Jur 2d, Witnesses § 619 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 778.
[3] 29 Am Jur 2d, Evidence §§ 493, 617, 620.
    30 Am Jur 2d, Evidence § 1094.
    Admissibility, as against interest, in criminal case of declaration of
        commission of criminal act. 92 ALR3d 1164.

ences reasonably drawn from the evidence. No reversible error occurred.

Affirmed.

1. CRIMINAL LAW — IMPEACHMENT — RULES OF EVIDENCE.

A prosecutor may impeach a prosecution witness only if he is a res gestae witness or if the witness's testimony is contrary to what had been anticipated and was actually injurious to the prosecution's case (MRE 607[2]).

2. CRIMINAL LAW — HARMLESS ERROR — APPEAL.

An error in a criminal trial does not require reversal of the defendant's conviction where the error was not intrinsically offensive to the maintenance of a sound judicial system and it is not reasonably possible that, had the trial been free of the error, any juror would have voted to acquit the defendant.

3. EVIDENCE — HEARSAY — STATEMENT AGAINST INTEREST — RULES OF EVIDENCE.

A statement is not admissible as a statement against penal interest where it appears that the declarant had some other motive which would likely lead him to misrepresent the facts (MRE 804[b][3]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Leslie D. Cooper,* for defendant.

Before: ALLEN, P.J., and WAHLS and M. WARSHAWSKY,* JJ.

PER CURIAM. Defendant was convicted by a jury of two counts of first-degree murder, MCL 750.316; MSA 28.548, and one count each of armed robbery, MCL 750.529; MSA 28.797, and felony-firearm, MCL 750.227b; MSA 28.424(2). He was sentenced to a prison term of two years on the felony-fire-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

arm, to be served prior to concurrent prison terms of life on each murder count and 20 to 40 years on the armed robbery count. He appeals as of right.

Defendant first argues that the trial court erred in permitting the prosecutor to impeach witness Diane Johnson, defendant's girlfriend, with her prior statement. The witness was indorsed and called by the prosecutor. Defendant preserved the issue with a timely objection. We agree with defendant that the prosecutor was not entitled to impeach his own witness under MRE 607(2). The rule provides in pertinent part:

> "The credibility of a witness may be attacked by:
> "(1) an opposing party; or
> "(2) the calling party if
> "(A) the calling party is the prosecutor and he is obliged to call the witness,
>
> * * *
>
> "(C) the witness's testimony was contrary to that which the calling party had anticipated and was actually injurious to the calling party's case." MRE 607.

Subsection (A) is inapplicable because the prosecutor was not obliged to call the witness. Johnson was not a res gestae witness. Furthermore, the prosecutor's indorsement of Johnson on the information created only the obligation to produce her at trial and not the duty to call her as a witness. *People v Terry,* 80 Mich App 299, 307; 263 NW2d 352 (1977), quoting *People v O'Dell,* 10 Mich App 87, 92; 158 NW2d 805 (1968). Subsection (C) is also inapplicable because, even assuming Johnson's testimony was contrary to that which the prosecutor had anticipated, it was not actually injurious to the prosecutor's case.

Although the impeachment evidence was improperly admitted, we find that the error does not

mandate reversal under the facts of this case. The prosecutor produced ample evidence tying defendant to the charged offenses. The error was not intrinsically offensive to the maintenance of a sound judicial system and, had the trial been free of the error, we believe it is not reasonably possible that any juror would have voted to acquit defendant. *People v Bailey,* 101 Mich App 144, 152; 300 NW2d 474 (1980); GCR 1963, 529.1.

Defendant next contends that the court erred in permitting the prosecutor to elicit hearsay testimony on cross-examination of Officer Dunn. Over defense counsel's objection, the prosecutor elicited prior statements given to Officer Dunn by Roger Holman and Sylvester Williams concerning descriptions of the clothes defendant was wearing on the night of the offense.

We agree with defendant that Dunn's testimony concerning statements made to him by Holman and Williams was clearly hearsay and was erroneously admitted. We again apply the harmless-error test, however, and conclude that the error does not require reversal. The hearsay testimony given by Dunn was consistent with the trial testimony of Roger Holman and Sylvester Williams as well as the testimony of co-perpetrator Herbert Hammock. We believe it is not reasonably possible that even one juror would have voted to acquit had the hearsay testimony been excluded.

Defendant next asserts that the court erred in excluding on hearsay grounds a statement given by Lee Lewis to the police at the time of his arrest. Charges brought against Lewis in connection with this incident were dismissed prior to defendant's trial. Lewis asserted the Fifth Amendment and refused to testify at defendant's trial. Defendant sought to introduce under MRE

804(b)(3) an exculpatory statement made by Lewis at the time of his arrest to the effect that Lewis and others, including defendant, were out stealing cars at the time the murders took place. The trial court found rule 804(b)(3) inapplicable and excluded the statement.

MRE 804(b)(3) provides:

"The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

\*    \*    \*

"A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable person in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement."

There is no question that Lewis was unavailable at trial due to his assertion of the Fifth Amendment. The crucial issue is whether Lewis's statement was against his penal interest. To be admissible under this exception, a statement must truly be against the declarant's penal interest. *People v Blankenship,* 108 Mich App 794; 310 NW2d 880 (1981), *lv den* 412 Mich 857 (1981).

In McCormick, Evidence (2d ed), ch 27, § 279, pp 677-678, the authors note a qualification of this exception to the hearsay rule, namely, that even though a statement may be against the declarant's penal interest, if it appears that he had some other motive, whether of self-interest or otherwise, which would likely lead him to misrepresent the facts, the declaration should be excluded.

In determining whether a statement is truly against penal interest, the court must do more than merely look at whether the declarant has admitted his involvement in some crime; the decision must necessarily be made in view of the context in which the out-of-court statement was given. Where a declarant is arrested for murder and, at the time of his arrest, denies involvement in the murder but asserts as an alibi the commission of a much less serious offense, the guarantees of trustworthiness underpinning the MRE 804(b)(3) exception to the hearsay rule are no longer present. Lewis in this case may reasonably have believed that his exculpatory statement as to the murders would be more persuasive if he admitted involvement in other crimes. We cannot say that a reasonable person in Lewis's position would not have made the statement unless he believed it to be true. The trial court did not abuse its discretion in excluding Lewis's out-of-court statement.

Defendant next challenges the admission into evidence of written out-of-court statements given to the police by witnesses Diane Johnson, Herbert Hammock, Roger Holman, and Sylvester Williams. Johnson's statement was used by the prosecutor to impeach her trial testimony. The statements of the other three witnesses were used by the prosecutor to refresh their recollections.

We agree with defendant that the written statements were hearsay and inadmissible as substantive evidence under *People v Rodgers,* 388 Mich 513; 201 NW2d 621 (1972), adopting the dissenting opinion of Judge (now Justice) LEVIN in *People v Rodgers,* 36 Mich App 211; 193 NW2d 412 (1971). However, we apply the harmless-error test and again find that admission of these documents into evidence does not mandate reversal.

Defendant finally challenges a remark made by the prosecutor during closing argument. We find that the challenged remark was based on fair inferences reasonably drawn from the evidence at trial and that no reversible error occurred.

Affirmed.