PEOPLE v MILLER

Docket No. 72750. Submitted February 6, 1985, at Lansing.—Decided April 1, 1985.

Marty Miller was convicted of first-degree felony murder, following a jury trial in Oakland Circuit Court and was sentenced, Francis X. O'Brien, J. Defendant appealed. *Held:*

1. The trial court did not err in allowing testimony that defendant sold gold chains to a jewelry store shortly after the larceny and homicide or in permitting a witness to testify that defendant normally carried a knife.

2. The trial court did not err in denying defendant's motion for a new trial based on newly discovered evidence. The evidence probably would not have caused a different result on retrial, and defendant failed to qualify the evidence for admission under the hearsay rules.

3. The trial court properly denied defendant's motion for a new trial on the ground that the verdict was contrary to the great weight of the evidence. The evidence, when viewed in a light most favorable to the prosecution, is sufficient to find defendant guilty of felony murder beyond a reasonable doubt.

Affirmed.

1. Evidence — Admissibility of Evidence — Appeal.

Evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence is relevant and generally admissible; however, even where

References for Points in Headnotes

[1] 29 Am Jur 2d, Evidence § 251 *et seq.*

[2, 3] 50 Am Jur 2d, Larceny §§ 142, 143.

What constitutes "recently" stolen property within rule inferring guilt from unexplained possession of such property. 89 ALR3d 1202.

Modern status as to instruction allowing presumption or inference of guilt from possession of recently stolen property as violation of defendant's privilege against self-incrimination. 88 ALR3d 1178.

[4] 58 Am Jur 2d, New Trial § 166.

[5] 5 Am Jur 2d, Appeal and Error §§ 850-852.

58 Am Jur 2d, New Trial § 165.

evidence is relevant, a trial court may, in the exercise of its discretion, exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, wasted time, or needless presentation of cumulative evidence, and the trial court's exercise of discretion will not be overturned unless there is a clear abuse of that discretion (MRE 401, 402, 403).

2. CRIMINAL LAW — EVIDENCE — LARCENY.
Evidence that a defendant possessed goods that fit a general description of goods stolen during a larceny is admissible.

3. CRIMINAL LAW — POSSESSION OF STOLEN PROPERTY — INFERENCES.
The possession of recently stolen property permits an inference that the possessor committed the theft.

4. CRIMINAL LAW — NEW TRIAL — EVIDENCE — NEWLY DISCOVERED EVIDENCE.
A new trial based on newly discovered evidence will be granted only if there is a showing that: (a) the evidence is newly discovered; (b) the evidence is not merely cumulative; (c) the evidence is such as to render a different result probable on retrial; and (d) the defendant could not with reasonable diligence have produced the evidence at trial.

5. CRIMINAL LAW — NEW TRIAL — APPEAL.
The grant or denial of a new trial is within the sound discretion of the trial court, and the Court of Appeals will not disturb that ruling in the absence of a clear abuse of discretion.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*David C. Anderson,* for defendant on appeal.

Before: DANHOF, C.J., and T. M. BURNS and BEASLEY, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of first-degree felony murder, MCL

750.316; MSA 28.548, and was sentenced to life imprisonment. Defendant appeals as of right.

We first consider whether the trial court erred in allowing testimony that defendant sold gold chains to a jewelry store shortly after the larceny and homicide and in permitting a witness to testify that defendant normally carried a knife. An employee of the Gold Chest Jewelry Store testified that on August 16, 1982, she purchased three gold chains from defendant. Another witness testified that three 14-carat gold chains were missing from the decedent's home after the larceny and murder. Defense counsel objected to testimony of the employee of the jewelry store on the grounds that there was no evidence that the gold chains sold were the ones taken during the homicide and that the probative value of the evidence was outweighed by the prejudicial effect. The trial court overruled the objection.

The Michigan Rules of Evidence define relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence". MRE 401. Relevant evidence is generally admissible; irrelevant evidence is not. MRE 402. Even if relevant, a trial court may, in the exercise of its discretion, exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, wasted time, or needless presentation of cumulative evidence. MRE 403. The trial court's exercise of discretion will not be overturned unless there is a clear abuse of that discretion. *People v Flanagan*, 129 Mich App 786, 792-793; 342 NW2d 609 (1983). It is not within the province of this Court to second-guess the trial

court's decision. *People v Phillips,* 131 Mich App 486, 491-492; 346 NW2d 344 (1984).

Evidence that defendant sold three 14-carat gold chains to a jewelry store within hours after the murder is relevant since it has a tendency to implicate defendant in the crime. MRE 401. We recognize that the chains sold to the jewelers had been melted down, making it impossible to positively identify them. Evidence that defendant possessed goods that fit a general description of the goods stolen during a larceny is admissible. *People v Roat,* 117 Mich 578; 76 NW 91 (1898); *People v Pitcher,* 15 Mich 397 (1867). Considering that defendant sold the jeweler the same number of chains that had been taken during the incident and the chains were of the same quality, 14-carat gold, the trial court correctly found that any prejudicial effect of this evidence would not substantially outweigh its probative value. MRE 403. The fact that defendant made the sale hours after the murder lends strong probative value to this evidence. Defendant had every opportunity to rebut the implication of the evidence and, in fact, produced a witness to testify that he had given the gold chains to defendant to settle a debt. The trial court properly admitted the evidence.

We also find that the trial court properly admitted evidence regarding the defendant's habit of carrying a knife. The victim was killed by stab wounds and the evidence indicated that the defendant normally carried a weapon which could have caused those wounds. Again, the record fails to show that the evidence's probative value was substantially outweighed by the danger of unfair prejudice. While evidence that defendant carried a knife was to some extent prejudicial, the knife could have been used as the murder weapon and,

therefore, was very relevant. The lower court did not abuse its discretion.

Defendant next argues that the trial court erred in instructing the jury that they could infer that defendant committed the larceny if they found that defendant was in definite and conscious possession of items taken during the larceny-murder. The instruction did not suggest to the jury that defendant was in possession of stolen property. On the contrary, the instruction informed the jury that it was up to them to determine beyond a reasonable doubt if defendant was in definite and conscious possession of the stolen property. This instruction is in accordance with the law since the possession of recently stolen property permits an inference that the possessor committed the theft. *People v Helcher,* 14 Mich App 386, 388; 165 NW2d 669 (1968). The trial court therefore did not err in instructing the jury pursuant to CJI 23:1:02.

We next consider whether the trial court erred in denying defendant's motion for a new trial based on newly discovered evidence. On March 26, 1984, this Court granted defendant's motion to remand to permit the defendant to make a motion for a new trial in the lower court. Defendant brought the motion alleging that newly discovered evidence justified a new trial. Specifically, defendant relied on a letter written by David Giroux, an inmate in a state prison, indicating that Timothy Guy Mann, who was referred to as T.J., confessed to killing the decedent and that defendant was not involved. The trial court denied defendant's motion without prejudice, but granted a motion for analysis of a hair sample found in the victim's hand. After the hair sample was analyzed, defendant brought another motion. The trial court again found that the letter written by David Giroux was an insufficient basis upon which to grant

a new trial. The lower court found that the letter was hearsay and that defendant failed to show any corroboration of its contents.

A new trial will be granted because of newly discovered evidence only when there is a showing that the evidence is newly discovered, that the evidence is not merely cumulative, that the evidence is such as to render a different result probable on retrial, and that the defendant could not with reasonable diligence have produced it at trial. *People v Jackson,* 91 Mich App 636; 283 NW2d 648 (1979). The granting of a new trial is within the sound discretion of the trial court and this Court will not disturb that ruling in the absence of a clear abuse of discretion. *Id.*

The trial court properly found that Giroux's letter regarding Timothy Mann's alleged statement was hearsay and, therefore, this "newly" discovered evidence probably would not cause a different result on retrial. Defendant claims that the statement is not hearsay, relying on the declaration against interest exception to the hearsay rule. MRE 804(b)(3). Defendant, however, failed to establish Timothy Mann's unavailability under MRE 804(a)(1). Also, while the statement is obviously against Mr. Mann's interest, defendant has failed to show any corroborating circumstances that clearly indicate the trustworthiness of the statement. MRE 804(b)(3); *United States v Satterfield,* 572 F2d 687 (CA 9, 1978), *cert den* 439 US 840; 99 S Ct 128; 58 L Ed 2d 138 (1978). Not only is there a lack of corroborating evidence, Mr. Mann's statement directly conflicts with defendant's defense which denied any involvement in the crime. Mr. Mann's statement clearly implicates defendant as being involved in at least an attempted larceny. The evidence therefore weakens defendant's case and a different result on

retrial would be highly unlikely. The lower court properly denied the motion for a new trial.

Defendant finally argues that the verdict was against the great weight of the evidence. We find that the trial court properly denied defendant's motion for a new trial on the ground that the verdict was contrary to the great weight of the evidence. *People v Harris,* 133 Mich App 646, 653; 350 NW2d 305 (1984). The victim was stabbed to death during the robbery of his home on August 16, 1982. Two of defendant's fingerprints were discovered inside the front door of the victim's home. Defendant denied ever having been in the victim's home. Two young males were seen leaving the victim's home. One of them matched a general description of defendant. Shortly after the murder, defendant sold gold chains similar to those taken during the robbery. Defendant also denied knowing Timothy Mann, who allegedly was involved in the crime. Witnesses testified that defendant knew Timothy Mann and in fact defendant, at the motion for a new trial, argued for the admission of evidence which indicated that he knew Timothy Mann and was at least involved in the initial stages of the larceny. When arrested, defendant asked what would happen to someone who was present when the murder took place but did not actively participate in it. Defendant also indicated knowledge that the victim's car was taken from the scene. This evidence, when viewed in a light most favorable to the prosecution, is sufficient to find defendant guilty of felony murder beyond a reasonable doubt. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979). The jury's verdict was not against the great weight of the evidence and the trial court did not abuse its discretion in denying defendant's motion for a new trial.

Affirmed.