PEOPLE v CONTE

Docket No. 84716. Submitted March 19, 1986, at Detroit. Decided May 20, 1986.

Defendant, Andrew Conte, was arrested and charged with armed robbery. Kenneth Briggs was also arrested in connection with the same incident. At the time of his arrest, Briggs made a statement admitting his involvement in the robbery and exculpating defendant. Briggs pled guilty to armed robbery and felony-firearm. At defendant's trial, Briggs refused to testify, asserting his Fifth Amendment privilege. The court refused to allow admission of the exculpatory parts of Briggs's statement under the statement against penal interest exception to the hearsay rule. Defendant was convicted of armed robbery, Wayne Circuit Court, John R. Kirwan, J., and appealed, alleging error in the court's refusal to allow admission of Briggs's statement, the court's admission of evidence of defendant's poverty, and the prosecutor's closing argument. *Held:*

1. Statements against penal interest are admissible as an exception to the hearsay rule where the declarant is unavailable for trial. However, these statements are not admissible and the penal interest exception does not apply where the testimony is not against the interests of the witness. The exculpatory parts of Briggs's statement were not against Briggs's penal interest.

2. Evidence of poverty, dependence on welfare or unemployment is not admissible to show motive or as evidence of credibility but it may be admitted if relevant to some other issue. The evidence that defendant had no money was relevant to refute defendant's theory of the case.

3. The prosecutor's closing argument was proper comment on the evidence.

Affirmed.

REFERENCES

Am Jur 2d, Appeal and Error §§ 545 *et seq.*
Am Jur 2d, Evidence §§ 493-496, 620, 1094.
See also the annotations in the ALR3d/4th Quick Index under Hearsay.

1. EVIDENCE — HEARSAY — STATEMENT AGAINST INTEREST — RULES OF EVIDENCE.

   A statement is not admissible as a statement against penal interest where it appears that the declarant had some other motive which would likely lead him to misrepresent the facts (MRE 804[b][3]).

2. EVIDENCE — HEARSAY — STATEMENT AGAINST INTEREST — RULES OF EVIDENCE.

   Statements against penal interest are admissible as an exception to the hearsay rule where the declarant is unavailable for trial; however, these statements are not admissible and the penal interest exception does not apply where the testimony is not against the interests of the witness (MRE 804[b][3]).

3. EVIDENCE — APPEAL — PRESERVING QUESTION.

   Failure to object to the admission of evidence limits review to a determination of whether its admission resulted in manifest injustice.

4. CRIMINAL LAW — EVIDENCE — POVERTY.

   Evidence of poverty, dependence on welfare or unemployment is not admissible to show motive or as evidence of credibility but it may be admitted if relevant to some other issue.

5. CRIMINAL LAW — APPEAL — PROSECUTORIAL COMMENT — PRESERVING QUESTION.

   Appellate review of a prosecutor's closing argument is precluded in the absence of objection unless failure to consider the issue would result in a miscarriage of justice.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Thomas M. Chambers,* Assistant Prosecuting Attorney, for the people.

*Angela Palmieri,* for defendant on appeal.

Before: R. M. MAHER, P.J., and CYNAR and T. GILLESPIE,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Following a jury trial, defendant was convicted of armed robbery, MCL 750.529; MSA 28.797. He was sentenced to a prison term of from five to twelve years. Defendant appeals as of right.

Defendant was arrested while he was aiding and abetting in the commission of an armed robbery of a Grosse Pointe Farms pharmacy. Defendant, a self-admitted narcotics addict, testified that at 8:30 A.M. on December 24, 1984, he received a phone call from his friend, Kenneth Briggs. Briggs asked defendant to pick him up and drive him to the pharmacy where they intended to procure Dilaudid, a narcotic, with a false prescription. For his efforts, defendant was to receive ten Dilaudid tablets. Defendant had participated in such ventures in the past and agreed to accompany Briggs. Defendant denied having any knowledge that Briggs had a gun or was intending to commit an armed robbery.

The two men arrived at the pharmacy around 10:30 A.M. At first they were reluctant to enter because several customers were already inside and they feared that the pharmacist would refuse to fill their suspiciously large prescription while other customers were present. Once the store cleared, Briggs left the truck and went inside. Briggs approached the pharmacist and pulled a gun from under his coat. He demanded the drug and the pharmacist gave him an unopened box of Dilaudid. Briggs ordered the pharmacist to the floor and ran out of the store, where he and defendant were immediately apprehended by the police.

Following his arrest, Briggs made a statement to the police in which he admitted his participation in the robbery. Briggs testified that he called defendant and asked him to make out a false

prescription and drive him to a pharmacy. He had agreed to give defendant some of the drugs for his efforts. Briggs stated further that he concealed the weapon under his jacket and that defendant never saw it.

Briggs pled guilty to armed robbery and felony-firearm in a separate proceeding. He subsequently refused to testify at defendant's trial, asserting his Fifth Amendment privilege. When defense counsel sought to have Briggs's statement introduced into evidence under MRE 804(b)(3), the trial court excluded that portion of the statement which tended to exculpate defendant. Defendant argues on appeal that the court erred in excluding the exculpatory statement.

MRE 804(b)(3) provides:

> (b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> * * *
>
> (3) Statement against interest. A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable person in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

In order for a declaration to be admissible under this exception, the statement must be truly against the declarant's penal interest. *People v Williams,* 136 Mich App 682, 686; 357 NW2d 741

(1984). In determining whether a statement meets this test, the court must examine the statement in the context in which it was made. If it appears that the declarant had some other motive in making the statement, whether self-interest or otherwise, the declaration should be excluded since it lacks the requisite indicia of reliability that underlies the exception. *Williams, supra; People v Blankenship,* 108 Mich App 794; 310 NW2d 880 (1981), lv den 412 Mich 857 (1981).

Here, since Briggs was unavailable for trial, defendant sought to admit his statement as an admission against interest. However, our review of the statement reveals that not all of it was a declaration against Briggs's penal interest. Briggs's statement that defendant had never seen the weapon did not subject Briggs to criminal liability more serious than that which he already faced. It did not admit to an additional crime or render defendant susceptible to a more severe penalty. While we do not interpret MRE 804(b)(3) to be limited to direct confessions of guilt, the rule should be limited to statements which have or could have a deleterious effect on the declarant's own interests. Here, the gratuitous statement merely exculpated defendant while leaving Briggs's position unchanged. Therefore, we find that the exculpatory statement lacked the guarantee of trustworthiness that makes a statement which is truly against penal interest reliable. The trial court did not abuse its discretion by excluding the exculpatory portion of Briggs's out-of-court statement. See also *United States v Marquez,* 462 F2d 893 (CA 2, 1972); *People v Dortch,* 84 Mich App 184; 269 NW2d 541 (1978), lv den 404 Mich 805 (1978).

Defendant also argues that there was sufficient corroboration to clearly indicate trustworthiness.

However, an inquiry into the question of sufficiency of corroboration is unnecessary when the trial court finds that as a threshold matter the offered remarks fail to come within the hearsay exception as a "statement against interest" as that phrase is used within MRE 804(b)(3). .

Defendant next claims that the statement was admissible on constitutional grounds citing *Chambers v Mississippi,* 410 US 284; 93 S Ct 1038; 35 L Ed 2d 297 (1973). In *Chambers,* the Supreme Court held that it was a denial of due process to exclude hearsay statements against penal interest which bore persuasive insurances of trustworthiness and were critical to Chambers' defense. Each statement was made spontaneously to a close acquaintance shortly after the murder had occurred, was corroborated by some other evidence in the case, and was in a very real sense self-incriminatory and unquestionably against interest. Moreover, each of the three witnesses was available for cross-examination at trial. *Chambers* is distinguishable from the present case. Here, the declarant's collateral exculpatory statement does not bear the persuasive indicia of trustworthiness and is not corroborated by other evidence which is not self-serving. Neither was the declarant available for cross-examination. We do not believe that *Chambers* requires reversal in this case. See also *People v Hawkins,* 114 Mich App 714; 319 NW2d 644 (1982); *People v Wallach,* 110 Mich App 37; 312 NW2d 387 (1981), vacated on other grounds 417 Mich 937 (1983).

Defendant's next claim on appeal is that the prosecutor impermissibly elicited testimony from the witnesses that at the time of his arrest defendant had no money. We note that defendant failed to object to admission of the evidence, either during the prosecution's examination of the witnesses

or during his closing argument, and our review is limited to determining whether its admission resulted in manifest injustice. *People v Bingaman,* 144 Mich App 152; 375 NW2d 370 (1984).

Evidence of poverty, dependence on welfare or unemployment is not admissible to show motive or as evidence of a witness' credibility. *People v Johnson,* 393 Mich 488; 227 NW2d 523 (1975); *People v Henderson,* 408 Mich 56; 289 NW2d 376 (1980). It may, however, be admissible in some situations. *Henderson, supra.* Here, defendant's theory of the case was that he and Briggs went to the pharmacy with a false prescription intending to buy drugs. In order to refute defendant's theory, the prosecutor elicited testimony that when defendant and Briggs were arrested they had neither money nor prescriptions. It is clear that this evidence was introduced for the sole purpose of rebutting defendant's theory of the case. The introduction of the evidence for this limited purpose was not error. Inasmuch as the testimony was properly admitted during trial, the prosecutor's comments regarding the evidence made during closing argument were also proper.

Defendant's final argument is that the prosecutor's comments during closing argument impermissibly shifted the burden of proof to defendant. In support thereof, defendant refers to two comments: one regarding Briggs' failure to testify at the trial and the other regarding defendant's inability to account for a one-hour time gap before the robbery. Again, defendant failed to object to the comments, hence, appellate review is precluded unless a miscarriage of justice would result. *People v Duncan,* 402 Mich 1; 260 NW2d 58 (1977); *People v Etchison,* 123 Mich App 448; 333 NW2d 309 (1983), lv den 417 Mich 1100.14 (1983).

After reviewing the prosecutor's comments, we

are convinced that they were proper comment on the evidence. A prosecutor is free to comment on the evidence and draw all reasonable inferences therefrom. *People v Drew,* 83 Mich App 57; 268 NW2d 284 (1978). The prosecutor's comments were within these bounds. Defendant's testimony did in fact fail to account for an hour before the commission of the robbery and it was the prosecutor's theory that defendant and Briggs used this period to plan the crime. In addition, we fail to see how the prosecutor's comment on Briggs' absence shifted the burden of proof to defendant. The prosecutor's remarks were fair comment on the evidence and reversal is not required on this basis.

Affirmed.