PEOPLE v RATOWSKI

Docket No. 116903. Submitted September 13, 1989, at Grand Rapids. Decided December 4, 1989.

Richard Ratowski pled guilty in Wexford Circuit Court to a charge of felonious assault and was sentenced, William R. Peterson, J. Defendant appealed, claiming the court erred in applying the new sentencing guidelines, which became effective on October 1, 1988, because the offense occurred prior to October 1, 1988.

The Court of Appeals *held:*

1. Although the offense at issue occurred prior to October 1, 1988, defendant was not sentenced until November 14, 1988. The administrative order of the Supreme Court by which the new sentencing guidelines were made effective requires the use of the new guidelines when imposing a sentence after October 1, 1988, for any offense included in the guidelines.

2. The application of the new guidelines in this case does not implicate the prohibition against ex post facto laws found in the United States and Michigan Constitutions. The ex post facto prohibition does not apply to administrative orders of the judicial branch of government.

3. Even had application of the revised guidelines been improper, the error would be harmless. The judge departed from the guidelines' recommended sentence, stating that he would depart and impose the same sentence even if a lower guidelines range were applicable.

Affirmed.

1. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES.

The second edition of the sentencing guidelines, effective October 1, 1988, must be used when imposing a sentence after that date for any offense included in the guidelines, regardless of whether the offense at issue occurred prior to October 1, 1988.

REFERENCES

Am Jur 2d, Constitutional Law §§ 634 *et seq.*; Criminal Law §§ 525 *et seq.*

See the Index to Annotations under Ex Post Facto Laws; Sentence and Punishment.

2. Constitutional Law — Ex Post Facto Clause — Administrative
Orders.

The ex post facto clauses of the United States and Michigan
Constitutions are not applicable to administrative orders of the
Michigan Supreme Court which do not involve a statutory or
common-law rule (US Const, art I, § 9; Const 1963, art 1, § 10).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David A. Hogg,* Prosecuting Attorney, and *Deborah K. Canja,* Assistant Attorney General, for the people.

State Appellate Defender (by *Sheila N. Robertson* and *Jack Van Coevering*), for defendant on appeal.

Before: McDonald, P.J., and Murphy and Griffin, JJ.

McDonald, P.J. Pursuant to a plea agreement, defendant pled guilty to felonious assault, MCL 750.82; MSA 28.277, and was sentenced to thirty-two to forty-eight months imprisonment. Defendant now appeals as of right from his sentence claiming the sentencing court erred in applying the new sentencing guidelines when defendant's offense occurred before the new guidelines October 1, 1988, implementation date. We affirm.

By Administrative Order No. 1988-4, 430 Mich ci (1988), issued June 7, 1988, our Supreme Court required all circuit courts to utilize the second edition of the sentencing guidelines, stating:

Administrative Order No. 1985-2, 420 Mich lxii, and Administrative Order No. 1984-1, 418 Mich lxxx, are rescinded as of October 1, 1988. The Sentencing Guidelines Advisory Committee is authorized to issue the second edition of the sentencing guidelines, to be effective October 1, 1988. Until further order of the Court, *every judge* of

the circuit court and of the Recorder's Court for the City of Detroit *must thereafter use the second edition* of the sentencing guidelines when imposing a sentence for an offense that is included in the guidelines. [Emphasis added.]

Although the instant defendant committed the assault prior to October 1, 1988, he was not sentenced until November 14, 1988. Thus, pursuant to the plain language of the administrative order, the sentencing court utilized the new guidelines when sentencing defendant. We find no misconstruction of the order by the sentencing court.

Defendant next claims "retroactive" application of the new guidelines in the instant case implicates the prohibition against ex post facto laws found in the United States and Michigan Constitutions. US Const, art I, § 9; Const 1963, art 1, § 10. We disagree.

The Ex Post Facto Clause of the United States Constitution is a limitation upon the powers of the legislature and does not of its own force apply to the judicial branch of government, *Marks v United States,* 430 US 188; 97 S Ct 990; 51 L Ed 2d 260 (1977). Although the principle upon which the clause is based has been found applicable to cases of judicial action through the due process clauses of the Fifth and Fourteenth Amendments, *Marks, supra; Bouie v Columbia,* 378 US 347; 84 S Ct 1697; 12 L Ed 2d 894 (1964), its application in Michigan has been limited to situations in which the judiciary either acts to "interpret" an existing criminal statute such that the interpretation leads to an unforeseeable judicial enlargement of the same, *People v Dempster,* 396 Mich 700; 242 NW2d 381 (1976), or acts to abrogate or alter well-settled common law, *People v Stevenson,* 416 Mich 383; 331 NW2d 143 (1982). Neither situation pre-

sents itself in the instant case as here defendant contests the application of an administrative order, not a statutory or common-law rule. Accord *Wallace v Christensen,* 802 F2d 1539 (CA 9, 1986). The prohibition against enforcement of ex post facto laws is therefore not implicated in the instant case.

Moreover, even had application of the revised guidelines been improper, we would find the error harmless. The sentencing judge departed from the guidelines' recommended sentence, stating he would depart and impose the same sentence even if a lower guidelines range were applicable.

Affirmed.