PEOPLE v HOYE

1. CRIMINAL LAW—CONSTITUTIONAL LAW—RIGHT TO REMAIN SILENT—
   PROSECUTORS—CROSS-EXAMINATION—DIRECT EXAMINATION—SI-
   LENCE—EVIDENCE.

   A prosecutor's cross-examination of a defendant and his argu-
   ments to the jury impermissibly infringed on the defendant's
   right to remain silent where he commented upon the fact that
   the defendant had never told the police his version of the
   charged armed robbery wherein the defendant claims to have
   an innocent bystander and where the defendant made no
   allegations on direct examination that he had ever told his
   innocent-bystander story to the police.

2. CRIMINAL LAW—APPEAL AND ERROR—HARMLESS ERROR—REVERSI-
   BLE ERROR.

   The standards for determining whether error is reversible or
   merely harmless are (1) whether the error is so offensive to the
   maintenance of a sound judicial process that it never can be
   regarded as harmless, and (2) if not so basic, whether it is
   harmless beyond a reasonable doubt.

Appeal from Monroe, James J. Kelley, Jr., J.
Submitted October 19, 1977, at Detroit. (Docket
No. 27168.) Decided December 8, 1977.

Frank "Boo" Hoye was convicted of armed rob-
bery. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Michael W. LaBeau,*
Prosecuting Attorney, and *Robert W. Kehres,* As-
sistant Prosecuting Attorney, for the people.

*James H. Davies,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
75 Am Jur 2d, Trial § 221.

Before: T. M. BURNS, P. J., and R. B. BURNS and
W. R. BROWN,* JJ.

T. M. BURNS, P. J. Defendant was convicted of
armed robbery, MCLA 750.89; MSA 28.284, before
a jury in the Monroe County Circuit Court and
appeals by right. We reverse because the prosecu-
tor's cross-examination of the defendant and argu-
ments to the jury impermissibly infringed on de-
fendant's right to remain silent.

The offense occurred at the Square Deal Market
in Monroe. Defendant and a female companion
entered the store with several customers when the
market opened for business. After the other cus-
tomers had been served and the store was empty,
the defendant and his companion approached the
counter with several items as if wishing to pur-
chase them. When the owner of the store opened
the cash register the female announced, "This is a
stick up". The money from the register and the
owner's purse was put into a paper bag and the
pair fled.

Defendant had been raised in the neighborhood
of the market and was well known by the proprie-
tress. When they ran from the store, defendant
pushed the door into another woman from the
neighborhood who also recognized him. To further
cement their case the people presented evidence
showing that a fingerprint found on the cash tray
belonged to defendant.

Defendant did not deny that he was in the
market, but did deny participating in the robbery.
According to him, he had spoken to the female
while both were in the market, but had not plan-
ned to participate in the robbery. He fled when she
announced the holdup because there was a war-

* Circuit judge, sitting on the Court of Appeals by assignment.

rant outstanding for his arrest and he did not want to become involved with the police. During his direct examination defendant did not claim that he had told his "innocent bystander" story to the police.

On cross-examination the following colloquy occurred:

"Q (By Mr. Rostash [prosecutor], continuing): Mr. Hoye, did you ever tell the police that this happened in the way your are describing it, that you had nothing to do with it, that you just happened to be standing there when this girl demanded the money?

"A No, I didn't.

"Q Did you ever tell anybody about it?

"A Yeah, but they wouldn't be nobody close around here.

"Q Nobody around here?

"A No.

"Q This is the first time you have even told that story?

"A Right.

"Q To anyone?

"A Right."

During rebuttal argument the prosecutor stated:

"Another thing about the—of course, we've talked to you about credibility. Mr. Spielman [defense attorney] said that it is not his or my prerogative to tell you how to believe the people or how to judge them, and we don't intend to do that. However, the Defendant gets up on the witness stand and tells us a story under oath. We asked him if he has ever told anybody else this—no, never, never told it to anybody else in the whole world until he came here now. Never told it to even his girl, who, for heaven's sake if we could have had that information, could have tried to verify his story. Never said a word about it to anybody until he comes here,

and he expects then you members of the jury to believe that it is true."

In *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973), our Supreme Court made it clear that questioning and argument such as occurred in this case violates a defendant's right to remain silent.[1] Some panels of this Court have found such errors to be harmless. In *People v Swan,* 56 Mich App 22, 35; 223 NW2d 346 (1974), *lv den,* 395 Mich 810 (1975), the error was found harmless but the panel warned:

"We will find it difficult in the future to believe that prosecutors and police are ignorant of the well-established principle of law which forbids comment upon an accused's silence or that clear violations of the principle arise from inadvertence. Deliberate violations of this rule may lead us to reverse convictions even where evidence might be overwhelming. The prosecutor who comments, or elicits comment, on a defendant's silence thus risks the loss of a perfectly good case for no reason."

The prosecutor in this case has run the risk and lost. This breach of defendant's right cannot be

[1] That this type of evidence would be inadmissible on other grounds is evident from examination of two recent United States Supreme Court cases.

In *United States v Hale,* 422 US 171; 95 S Ct 2133; 45 L Ed 2d 99 (1975), the Court ruled as an evidentiary matter that a defendant's silence is not admissible in a Federal prosecution as an inconsistent statement because a necessary factual predicate is missing. Since defendant is under no duty to speak at the time of arrest, *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966), his trial testimony cannot be inconsistent with silence at arrest.

More recently in *Doyle v Ohio,* 426 US 610; 96 S Ct 2240; 49 L Ed 2d 91 (1976), the Court reversed two state convictions because introduction of evidence of silence at arrest was a violation of due process. The Court did not apply a harmless error analysis in either case because the prosecuting authority had not claimed that the error was harmless.

considered an inadvertent mistake by the prosecutor. Rather it demonstrates a deliberate attempt to do what has been repeatedly forbidden. We find it offensive to the maintenance of a sound judicial process, *People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972), and refuse to reach the second step of the harmless error analysis. *People v Dunn,* 46 Mich App 226; 208 NW2d 239 (1973), *People v Terry Moore,* 55 Mich App 678; 223 NW2d 302 (1974), *lv den,* 394 Mich 756 (1975), *People v Parks,* 57 Mich App 738, 747; 226 NW2d 710 (1975), *People v Hargrave,* 74 Mich App 690; 254 NW2d 614 (1977). The only way to stop deliberate violations of the rule in *Bobo* is to be unyielding in our application of its prohibition.

Reversed.