PEOPLE v PARKS

Docket No. 43405. Submitted April 9, 1980, at Lansing.—Decided
    June 4, 1980.

    Anton Parks was convicted of conspiracy to deliver a controlled
        substance. At his jury trial in Saginaw Circuit Court, Eugene
        Snow Huff, J., defendant took the stand. On direct examination
        defendant denied knowledge or complicity in the illegal sale.
        On cross-examination, the prosecutor, in an attempt to dis-
        credit defendant's denials, questioned defendant regarding his
        failure to advise the police of such exculpatory information
        immediately after his arrest. The prosecutor further asked
        defendant whether he had made any notes documenting the
        events that led to his arrest and, receiving an affirmative
        answer from defendant, inquired whether defendant had re-
        viewed those notes prior to testifying. Despite defendant's
        indication that he had not reviewed the notes prior to testify-
        ing, the prosecutor continued to pursue the matter of the notes.
        Defense counsel, in the presence of the jury, objected on the
        basis of the attorney-client privilege. The objection was over-
        ruled and the prosecutor was permitted to continue his pursuit
        of the matter. On redirect, defense counsel attempted to dispel
        any adverse inferences by establishing that the notes were the
        product of the attorney-client relationship and were consistent
        with defendant's trial testimony. The prosecutor insisted that
        he had a right to inspect the notes, and the trial court sug-
        gested that the prosecutor should be permitted to see the notes.
        Outside the presence of the jury, it was ultimately determined
        that the notes were privileged and the prosecutor had no right
        to inspect them. Defendant appeals. *Held:*
            1. Reversal is mandated by reason of the prosecutor's inquiry
        as to defendant's failure to advise the police, at the time of his
        arrest, of the exculpatory information. Evidence regarding a
        defendant's silence at the time of his arrest may not be pre-
        sented in the absence of testimony by the defendant that he did

REFERENCES FOR POINTS IN HEADNOTES
[1] 16A Am Jur 2d, Constitutional Law § 524.
    81 Am Jur 2d, Witnesses §§ 468, 524 *et seq.*
[2] 28 Am Jur 2d, Estoppel and Waiver § 27.

make such a statement, since such inquiry would place an impermissible penalty upon a defendant's exercise of his constitutional right to remain silent.

2. The prosecutor's pursuit of the question of the notes prepared by the defendant, after the defendant indicated that he had not reviewed those notes, was improper, since such further inquiry forced the defendant to assert a claim of attorney-client privilege in the presence of the jury. On retrial the prosecutor shall refrain from further inquiry in this area.

Reversed and remanded.

1. CRIMINAL LAW — CONSTITUTIONAL LAW — RIGHT TO REMAIN SILENT — SILENCE — IMPEACHMENT.

   Reversal is mandated where the prosecution during cross-examination of a defendant inquires, for the purpose of impeachment, about the defendant's failure to advise the police at the time of his arrest of exculpatory information, since such inquiry would place an impermissible penalty upon the defendant's constitutional right to remain silent.

2. CRIMINAL LAW — TESTIMONY BY DEFENDANT — WRITINGS — ATTORNEY-CLIENT PRIVILEGE.

   It is improper for the prosecution to pursue the matter of certain notes prepared by the defendant, after the defendant had denied reviewing such notes, where such inquiry forces the defendant to assert his claim of attorney-client privilege in the presence of the jury.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Kay F. Pearson,* Assistant Appellate Prosecuting Attorney, for the people.

*John A. Lydick,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. C. RILEY, P.J., and R. B. BURNS and N. J. KAUFMAN, JJ.

PER CURIAM. Defendant was convicted of conspiracy to commit the crime of delivery of a controlled substance—heroin, contrary to MCL

750.157a(a); MSA 28.354(1)(a), and MCL 335.341(1)(a); MSA 18.1070(41)(1)(a). He was sentenced to imprisonment for 8 to 20 years, with credit given for 211 days served. From this conviction and sentence, defendant appeals as of right under GCR 1963, 806.1.

Defendant raises four allegations of error in this appeal, only two of which warrant our consideration. First, defendant contends that the prosecutor violated the proscription of *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973), by impeaching defendant with respect to his post-arrest silence. We agree.

On direct examination, defendant denied knowledge or complicity in the illegal sale and delivery of drugs with which he was charged. The prosecutor discredited defendant's denials during cross-examination by questioning him regarding his failure to advise the police of any such exculpatory information immediately after his arrest.

In *People v Bobo, supra,* the Court invalidated prosecutorial questioning which directly or indirectly restricted the exercise of the constitutional right to remain silent. The Court stated:

"We will not condone conduct which directly or indirectly restricts the exercise of the constitutional right to remain silent in the face of accusation. 'Nonutterances' are not statements. The fact that a witness did not make a statement may be shown only to contradict his assertion that he did." *Bobo, supra,* 359.

In *People v Norris,* 74 Mich App 361; 253 NW2d 767 (1977), this Court applied the *Bobo* doctrine in a situation much like the instant one. In that case, the defendant testified that he had an alibi for the night of the robbery. On cross-examination, the prosecutor queried whether defendant had told the

police of this alibi at the time of his arrest. This Court reversed, holding that an accused may not be impeached by evidence of his silence at the time of arrest or during custody and that to allow the prosecution to use the silence of an accused against him would place an impermissible penalty upon the exercise of his privilege against self-incrimination. Again, in *People v Hoye,* 80 Mich App 258; 263 NW2d 343 (1977), this Court reversed the conviction of a defendant after the prosecutor had attempted to impeach the defendant during cross-examination by inquiring why the defendant did not claim innocent bystander status at the time of his arrest as he did during his direct examination.

In the instant case, defendant, at the time of his arrest, did not voice to the police any denial of complicity in the crime, nor did defendant claim to have done so during his direct examination. The prosecutor's cross-examination into these questions, then, clearly violated the proscription announced in *Bobo* and interpreted in *Norris* and *Hoye.* We find this violation offensive to the maintenance of a sound judicial process. *People v Sain,* 407 Mich 412; 285 NW2d 772 (1979), *People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972), *People v Hoye, supra,* 262. Accordingly, we reverse and remand for a new trial upon this ground.

The second claim of error we find warranting address is defendant's allegation that the prosecutor questioned him improperly with respect to notes defendant made documenting the events that led to his arrest. This improper inquiry necessitated defense counsel's assertion of the attorney-client privilege in front of the jury, to defendant's ultimate prejudice.

The prosecutor asked the defendant on cross-

examination whether he had made any notes documenting the events that led to his arrest. Defendant replied affirmatively. The prosecutor then inquired whether defendant reviewed these notes prior to testifying. Defendant indicated that he had not. The prosecutor continued his inquiry regarding defendant's notes, whereupon, defense counsel objected on the basis of the attorney-client privilege. This objection was overruled and the prosecutor was allowed to continue. Later, on redirect, defense counsel attempted to dispel any adverse inferences by establishing that the notes were the product of the attorney-client relationship and that they were consistent with defendant's trial testimony. However, the prosecutor insisted upon his right to inspect the notes. At this juncture, the court suggested that the prosecutor should be allowed to see the notes if defendant was using them. This matter did not reach resolution, however, until the jury was excused for the day. After the jury was excused, the parties agreed that the notes were privileged, that defendant did not review them prior to trial, and that therefore the prosecutor was not entitled to inspect them.

We find that the prosecutor's pursuit of the issue concerning defendant's notes before the jury was improper once defendant had denied reviewing them prior to trial. See *People v Rodgers,* 388 Mich 513; 201 NW2d 621 (1972), *People v Turner,* 59 Mich App 589, 595; 229 NW2d 861 (1975). This improper pursuit forced the defendant to claim an attorney-client privilege before the jury. And, as stated in *People v Brocato,* 17 Mich App 277, 303; 169 NW2d 483 (1969):

"The attorney-client privilege is fundamental to our system of jurisprudence. The privilege is destroyed if improper inference can be drawn from its exercise."

In reversing and remanding for a new trial due to the aforementioned *Bobo* violation, we find it necessary to include a caveat to the prosecutor to refrain from further inquiry in this area.

Reversed and remanded for a new trial in conformity with this opinion.