PEOPLE v CADE

Docket No. 52431. Submitted October 8, 1982, at Detroit.—Decided November 18, 1982.

Robert L. Cade was convicted by a jury in Wayne Circuit Court of assault with intent to do great bodily harm less than murder and was sentenced, Roland L. Olzark, J. He appeals. *Held:*

The prosecutor's deliberate and repeated references to defendant's failure to respond to questioning by police officers following the alleged assault constituted error which cannot be deemed harmless. The Fifth Amendment guarantees that a person who exercises the right to remain silent will not have that silence used against him regardless of when the questioning occurs.

Reversed and remanded.

CONSTITUTIONAL LAW — CRIMINAL LAW — INTERROGATION — SILENCE.

The Fifth Amendment guarantees that a person's silence may not be used against him whenever interrogated by the police, regardless of whether or not the person has been arrested and regardless of whether or not the person is entitled to be warned of his *Miranda* rights (US Const, Am V).

State Appellate Defender (by *Susan J. Smith),* for defendant on appeal.

Before: DANHOF, C.J., and N. J. KAUFMAN and D. C. RILEY, JJ.

PER CURIAM. Defendant was convicted of assault

REFERENCES FOR POINTS IN HEADNOTE

21A Am Jur 2d, Criminal Law § 791 *et seq.*

29 Am Jur 2d, Evidence §§ 555-557, 614, 640.

What constitutes "custodial interrogation" within rule of Miranda v Arizona requiring that suspect be informed of his Federal constitutional rights before custodial interrogation. 31 ALR3d 565.

Necessity of informing suspect of rights under privilege against self-incrimination, prior to police interrogation. 10 ALR3d 1054.

with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, following a jury trial. He was originally sentenced to serve a term of from 3-1/2 to 10 years in prison. This Court granted defendant's motion to remand for determination concerning whether the sentence was based upon improper considerations. After the hearing, the trial court resentenced defendant to five years probation. Defendant appeals his conviction as of right.

Defendant's first claim of error is dispositive of this appeal. He claims that certain statements made by the prosecutor in the presence of the jury and the prosecutor's questioning of two witnesses violated the rule announced in *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973). We agree. During the prosecutor's opening statement, he said the following:

"The police officers came and attempted to talk to Mr. Cade about what happened. They followed Julie to the hospital, and the police officer with Mr. Cade in the police vehicle kept asking him—'Well, what happened? Tell me what happened.' And Mr. Cade wouldn't answer him. He wouldn't tell him what happened."

Furthermore, in response to questioning by the prosecutor, two police officers testified that after defendant was placed in the police vehicle, he was asked to explain what had occurred. The officers stated that defendant failed to respond to any of their questions.

In *People v Bobo, supra,* the Supreme Court held:

"We will not condone conduct which directly or indirectly restricts the exercise of the constitutional right to remain silent in the face of accusation. 'Nonutter-

ances' are not statements. The fact that a witness did not make a statement may be shown only to contradict his assertion that he did." 390 Mich 359.

Since defendant did not make a statement to the police, the prosecutor was precluded from using his silence against him at trial. The prosecutor sought to avoid the rule stated in *Bobo, supra,* by claiming that, because the police were not required to give defendant *Miranda (Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 [1966]) warnings at the time the interrogation took place, *Bobo, supra,* did not apply. Even assuming that no warnings were required, the rule announced in *Bobo, supra,* still applies.

*Miranda, supra,* did not define the limits of a person's Fifth Amendment rights. It merely provided a mechanism to insure that those rights are protected in the face of the coercive atmosphere which is inherent during a custodial interrogation by police. The fact that the *Miranda* warnings are not required to be given under certain circumstances does not mean that the privilege against self-incrimination does not exist. On the contrary, the right to remain silent is constant and exists at all times. The Fifth Amendment guarantees that a person who exercises the right to remain silent will not have that silence used against him regardless of when the questioning occurs. *Bobo, supra,* pp 360-361.

It is clear that the prosecutor's use of defendant's silence constituted error. Furthermore, since the error was deliberately and repeatedly injected by the prosecution, we find that the error cannot be deemed harmless. *People v Hoye,* 80 Mich App 258, 261-262; 263 NW2d 343 (1977). Our resolution of this issue renders it unnecessary to address defendant's remaining claims.

Reversed and remanded.