PEOPLE v SANDERS

Docket No. 89996. Submitted December 17, 1986, at Lansing. Decided June 24, 1987.

Will Sanders was convicted of one count of assault with intent to commit murder, one count of armed robbery, and two counts of possession of a firearm during the commission of a felony following a jury trial in Oakland Circuit Court. Defendant then pled guilty to being an habitual offender, third offense, and admitted that he was a felony-firearm offender for the second time. The court, Fred M. Mester, J., sentenced defendant to 250 to 500 years imprisonment on the assault conviction and to a life sentence on the armed robbery conviction. Those sentences were then vacated and defendant was sentenced to 250 to 500 years as an habitual offender and to two five-year concurrent sentences for the felony-firearm convictions, with those sentences to be served consecutively to the habitual offender sentence. Defendant appealed.

The Court of Appeals *held:*

1. The trial court did not err in granting the prosecutor's motion in limine to exclude evidence of a confession made by defendant's accomplice that it was she, and not defendant, who shot the victim. Defendant failed to establish the trustworthi-

REFERENCES

Am Jur 2d, Criminal Law §§ 291, 525 *et seq.*

Am Jur 2d, Evidence §§ 617 *et seq.*

Am Jur 2d, Habitual Criminals and Subsequent Offenders, §§ 20, 21, 30.

Supreme Court's views as to what courtroom statements made by prosecuting attorney during criminal trial violate due process or constitute denial of fair trial. 40 L Ed 2d 886.

Admissibility, as against interest, in criminal case of declaration of commission of criminal act. 93 ALR3d 1164.

Form and sufficiency of allegations as to time, place, or court of prior offenses or convictions, under habitual criminal act or statute enhancing punishment for repeated offenses. 80 ALR2d 1196.

Propriety, under statute enhancing punishment for second or subsequent offense, of restricting new trial to issue of status as habitual criminal. 79 ALR2d 826.

ness of the statement, and the victim testified that it was defendant who shot her.

2. The prosecutor's closing arguments neither shifted the burden of proof to defendant nor violated his right not to testify.

3. The admission of a police officer's unobjected-to testimony that, when questioned at the hospital, the victim referred to "he" when describing who shot her was not error. Although the testimony was hearsay, it was admissible under the excited utterance exception to the hearsay rule.

4. Defendant's contention that he did not have proper notice of the filing of the information charging him as an habitual offender is without merit.

5. The trial court did not err in disregarding the sentencing guidelines when sentencing defendant. The guidelines do not apply to habitual offender sentencing.

6. The trial court did not err in ordering that defendant's sentences for the felony-firearm convictions be served consecutively to his habitual offender sentence.

7. The trial court abused its discretion in sentencing defendant to 250 to 500 years imprisonment. A sentence that is so entirely beyond defendant's life expectancy shocks the conscience. The case must be remanded for resentencing.

Defendant's convictions are affirmed, but the matter is remanded to the trial court for resentencing.

1. EVIDENCE — STATEMENTS AGAINST INTEREST — RULES OF EVIDENCE.

A statement tending to expose the declarant to criminal liability and offered to exculpate an accused is not admissible into evidence unless corroborating circumstances clearly indicate the trustworthiness of the statement (MRE 804[b][3]).

2. CRIMINAL LAW — PROSECUTORIAL COMMENT — CLOSING ARGUMENTS.

The fact that a prosecuting attorney commented in his closing argument on a defendant's failure to prove what he had promised in his opening statement that he would prove did not shift the burden of proof to the defendant nor violate the defendant's right not to testify where the prosecutor informed the jury that the defendant did not have an obligation to prove anything and that he, the prosecutor, did not intend to shift the burden of proof to the defendant.

3. CRIMINAL LAW — HABITUAL OFFENDERS — NOTICE.

A defendant received proper notice of the filing of an information charging him as an habitual offender where he received verbal

notice at his arraignment of the prosecutor's intent to file an habitual offender information, the information was filed within fourteen days of the defendant's arraignment, and the defendant was not prejudiced by the fact that he received formal notice of the information seven days after the fourteen-day period had expired.

4. CRIMINAL LAW — SENTENCING — HABITUAL OFFENDERS — SENTENCING GUIDELINES.

The sentencing guidelines do not apply to habitual offender sentencing.

5. CRIMINAL LAW — SENTENCING — HABITUAL OFFENDERS — FELONY-FIREARM — CONSECUTIVE SENTENCES.

A sentence for a felony-firearm conviction may be served consecutively to a sentence imposed on a defendant for being an habitual offender where the felony-firearm sentence relates to the defendant's convictions for the underlying crimes in which a gun was used.

6. CRIMINAL LAW — SENTENCING.

A sentence of 250 to 500 years imprisonment is so entirely beyond a defendant's life expectancy that the imposition of such a sentence shocks the conscience of the Court of Appeals.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Michael J. Modelski,* Assistant Prosecuting Attorney, for the people.

*Robert J. Dickman,* for defendant on appeal.

Before: M. J. KELLY, P.J., and SULLIVAN and D. R. CARNOVALE,* JJ.

PER CURIAM. Following a jury trial, defendant was convicted of one count of assault with intent to commit murder, MCL 750.83; MSA 28.278, one count of armed robbery, MCL 750.529; MSA 28.797, and two counts of possession of a firearm

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

during the commission of a felony, MCL 750.227b; MSA 28.424(2). Following the jury's verdicts, defendant pled guilty to being a third offense habitual offender, MCL 769.11; MSA 28.1083. He also admitted that he was a second offense felony-firearm offender, MCL 750.227b(1); MSA 28.424(2)(1). Defendant was sentenced to 250 to 500 years imprisonment on the assault with intent to murder conviction and to a life sentence on the armed robbery conviction. Thereafter, the trial judge vacated both sentences and sentenced defendant to 250 to 500 years as an habitual offender. In addition, defendant was sentenced to two five-year concurrent sentences for the felony-firearm convictions, with those sentences to be served consecutively to the habitual offender sentence. Defendant appeals as of right. We affirm.

The events leading to defendant's arrest and subsequent convictions occurred on March 18, 1985, when defendant and his accomplice, Ondria Nix, assaulted and then shot Latonya Thomas. Defendant first held the victim at gunpoint while assaulting and threatening to kill her. He and Nix then ordered the victim into a car. With defendant driving, Nix in the back seat, and the victim in the passenger's seat, defendant drove erratically and at high speeds for approximately twenty minutes, running stop lights and at times driving on the wrong side of the road, meanwhile hitting Thomas with the handgun he held and threatening to kill her. After twenty minutes, he pulled the car to a curb and ordered the victim out of the car. In the presence of several witnesses, he shot the victim twice as she hastily exited from the car. One bullet entered her lower back and exited below her right breast; the second bullet went through her left leg.

First, defendant argues that the trial judge erred in granting the prosecutor's motion in lim-

ine to exclude evidence of Nix's confession. Following her arrest, Nix made a statement to police that it was she who had shot the victim.

The admissibility of evidence is a question submitted to the trial court's discretion and its decision will not be overturned absent an abuse of discretion. *People v Solak,* 146 Mich App 659; 382 NW2d 495 (1985).

The trial judge properly excluded Nix's statement because defendant failed to establish its trustworthiness. MRE 804(b)(3); *People v Miller,* 141 Mich App 637; 367 NW2d 892 (1985). The only circumstance corroborating Nix's statement was the fact that the victim received a bullet wound to her lower back, suggesting that the bullet was fired from the back seat of the car, where Nix was sitting. However, the injury inflicted by the second bullet suggests the bullet was fired by defendant, from the driver's seat. Significantly, there was testimony from witnesses suggesting that the victim was shot by defendant as she hastily exited from the car. The victim testified that it was the defendant who had shot her. Under these circumstances, the trial judge did not abuse his discretion in excluding Nix's statement.

Second, defendant argues for the first time on appeal that the prosecutor's closing arguments shifted the burden of proof to defendant and violated defendant's right not to testify. In his closing argument, the prosecutor commented on defendant's failure to prove what he had promised in his opening statement that he would prove.

We first note that the alleged errors were not preserved on appeal since any error could have been corrected by an objection and a curative instruction. *People v Duncan,* 402 Mich 1; 260 NW2d 58 (1977). Further, we do not believe that the prosecutor's argument was erroneous. The

prosecutor did not ask defendant to answer questions, as occurred in *People v Green,* 131 Mich App 232; 345 NW2d 676 (1983), relied on by defendant. Nor did the prosecutor comment on defendant's failure to testify. *People v Cade,* 125 Mich App 196; 335 NW2d 653 (1982). He merely stated that defendant had not shown what he said he was going to show in his opening statement. Significantly, the prosecutor informed the jury in his closing argument that "defendant did not have an obligation to prove anything." Further, in his rebuttal argument, the prosecutor stated that he did not intend to shift the burden of proof to defendant.

Third, defendant argues that error occurred in the admission of a police officer's unobjected-to testimony that, when questioned at the hospital, the victim referred to "he" when describing who had shot her. The testimony was relevant to the issue of who shot the victim, defendant or Nix. Defendant claims the testimony was inadmissible hearsay.

We find that the victim's statements made at the hospital were admissible as excited utterances. MRE 803(2). Although certain of the victim's utterances were in response to the officer's questioning, they were nonetheless made while the victim was under the stress of the excitement. We also note that defendant failed to object to the officer's testimony and that the testimony was merely cumulative of other admissible testimony.

Fourth, we find no merit to defendant's contention that he did not have proper notice of the filing of the information charging him as an habitual offender. The holding in *People v Terry,* 145 Mich App 234; 377 NW2d 834 (1985), relied on by defendant, has been reversed. 424 Mich 866; 380 NW2d 762 (1985). Since at his arraignment defen-

dant received verbal notice of the prosecutor's intent to file an habitual offender information and the information was filed within fourteen days of defendant's arraignment, defendant was not prejudiced by the fact that he received formal notice of the information seven days after the fourteen-day period had expired. *People v Terry,* 424 Mich 866.

Fifth, defendant raises a variety of arguments in support of his contention that his case must be remanded for resentencing. He first argues that the trial judge erred in disregarding the sentencing guidelines when sentencing defendant. We disagree. This Court has repeatedly held that the guidelines do not apply to habitual offender sentencing. *People v Thornsbury,* 148 Mich App 92; 384 NW2d 88 (1985); *People v Peterson,* 149 Mich App 158; 385 NW2d 635 (1985).

Defendant next argues that, since the habitual offender conviction did not "per se" involve the use of a gun, the trial judge erred in ordering that defendant's sentences for the felony-firearm convictions be served consecutively to his sentence as an habitual offender. *People v Hunter,* 141 Mich App 225; 367 NW2d 70 (1985), lv den 426 Mich 871 (1986).

We disagree. The habitual offender statute is merely an enhancement statute under the code of criminal procedure. *People v Baskin,* 145 Mich App 526; 378 NW2d 535 (1985). Defendant's felony-firearm sentences remained related to his convictions for the underlying crimes in which a gun was used, regardless of the fact that defendant was sentenced as an habitual offender. The trial judge correctly ordered that the felony-firearm sentences be served consecutively to defendant's enhanced sentence as an habitual offender.

Finally, defendant argues that the trial judge

abused his discretion in sentencing defendant to 250 to 500 years imprisonment. We agree. The trial judge's intent in imposing defendant's sentence was to avoid the "lifer law," MCL 791.234(4); MSA 28.2304(4). This was permissible. See *People v Johnson,* 421 Mich 494; 364 NW2d 654 (1984). Moreover, we agree with the trial judge that defendant deserved a lengthy prison term. Nonetheless, our conscience is shocked by a sentence that is so entirely beyond defendant's life expectancy. *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983).

Defendant's convictions are affirmed. The case is remanded in order that defendant can be resentenced.