*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
August 15, 2024

v

No. 367448
Genesee Circuit Court
LC No. 2022-049603-FH

DAVID SCOTT AUSTIN II,

        Defendant-Appellant.

Before: REDFORD, P.J., and GADOLA, C.J., and RIORDAN, J.

PER CURIAM.

A jury convicted defendant of operating a motor vehicle while intoxicated (OWI), third offense, MCL 257.625(1); MCL 257.625(9)(c), and he was sentenced to 180 days in jail and 24 months' probation. Defendant appeals by right, alleging that prosecutorial error warrants reversal and a new trial. We disagree and affirm.

## I. FACTS

Defendant was arrested on suspicion of OWI on the evening of August 21, 2020, after a witness called 911 upon observing defendant's pickup truck swerving across all four lanes of a two-way road. The witness followed defendant's truck to a restaurant parking lot. When the officer dispatched for the call pulled into the restaurant's parking lot shortly after 8:00 p.m., he saw defendant "staggering" toward his truck and getting into the driver's seat. Upon approaching and observing defendant, the officer noticed that he had bloodshot eyes, that his speech was slurred, and that he had a strong odor of alcohol on his breath. Defendant got out of his truck after twice being asked to do so by the officer. Defendant then told the officer that he had consumed his last alcoholic drink about five hours earlier at approximately 3:00 p.m. Defendant refused to participate in field sobriety tests and a preliminary breath test.

The officer arrested defendant on the basis of the 911 call describing defendant's erratic driving and the officer's determination that defendant was intoxicated. The officer conducted a post-arrest inventory search of defendant's truck, discovering more than 20 empty cans of Twisted Tea, an alcoholic beverage. The officer obtained a search warrant for a blood draw, which was performed on defendant at the county jail at about 11:00 p.m. Defendant had a blood alcohol

content (BAC) of 0.198 grams of alcohol per 100 ml of blood.  This was more than twice the legal limit of 0.08.

At the trial, during an exchange with a prospective juror during voir dire, the prosecutor stated:

> There's something called the burden of proof. So, the burden of proof is on the People. That's me. I'm the one with the burden of proof. That proof is, you've probably also heard this from TV movies, beyond a reasonable doubt, and that would go to each element of the crime. There's only one charge, *OWI **third***.
>
> Again, as you just stated, you don't know the facts yet. . . .  Are you willing to presume that he's innocent at this stage and to make sure that I'm the one that has to prove each one of those elements?  [Emphasis added.]

Defense counsel did not object to the prosecutor's reference to "OWI third."

In her opening statement, defense counsel indicated that the jury would hear evidence that when defendant was in the restaurant, he "had a drink while he was waiting, grabbed his carryout and began to leave."  This comment implicitly suggested that defendant's BAC was produced by the drink in the restaurant around 8:00 p.m. and that he had not been intoxicated while driving to the restaurant because his previous consumption of alcohol was hours earlier at 3:00 p.m.  During the trial, there was no evidence presented establishing that defendant had a drink at the restaurant, and he chose not to take the stand.  In her closing argument, defense counsel commented that the arresting officer could not have known for sure what happened inside the restaurant.  The prosecutor then argued in rebuttal:

> As far as the blood alcohol, all we really have to go on is what the defendant said. The defendant said his last drink came at 3:00 p.m. This arrest occurred roughly at 8:09 p.m., or the initial police contact occurred at 8:09 p.m. You—the Judge is going to tell you in jury instructions, and we talked about this in jury selection too, I'm just asking you to use common sense and judgment. What kind of drink can you have where you consume it at 3:00 p.m., not have any alcohol in your system at 8:09 p.m., you're at zero—or at least you're under—this would be the defense's argument, I suppose, you're under that .08, and then later, three hours later, your blood alcohol has risen now to .198. That's all we have. That's what's in the testimony, that's what the defendant said.
>
> Now, I said something about they teach you in law school not to make promises. [Defense counsel] did state in her opening—it's—not that I'm saying this was a promise, but she said that there was one drink consumed at the Mexican restaurant. I don't know what kind of drink that could have possibly been that would have you not intoxicated at 8:09 and then one drink put you at a .198 two or three hours later, but I'd like to find out.
>
> Again, what the defense attorney states, what I state, that's not evidence. So, the thing about one drink, that never came in. All that came in as to when or

how much the defendant drank was when he stated he had been drinking and I stopped about 3:00 p.m., and I think you can make reasonable inferences when the officer stated that he saw 20 plus empty Twisted Tea cans in the vehicle as well.

Defense counsel did not object to any of the remarks in this passage. Subsequently, defendant was convicted and sentenced as indicated earlier. This appeal ensued.

## II. ANALYSIS

Defendant contends that the prosecutor made improper statements during voir dire and closing rebuttal argument. With respect to voir dire, defendant argues that the prosecutor improperly referred to prior bad acts by commenting that defendant was charged with OWI "third." In regard to the prosecutor's closing rebuttal argument, defendant maintains that the prosecutor effectively shifted the burden of proof to defendant when mentioning that no evidence was produced showing that he had a drink at the restaurant as claimed in defense counsel's opening statement. We conclude that defendant's arguments do not merit reversal.

## A. STANDARD OF REVIEW

"To preserve a claim of prosecutorial error, a defendant must timely and specifically challenge the prosecutor's statements or conduct." *People v Thurmond*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 361302); slip op at 9. Defendant did not object to the prosecutor's statements now being challenged on appeal; therefore, his claims of prosecutorial error or misconduct are unpreserved. "We review unpreserved claims of prosecutorial error for plain error affecting defendant's substantial rights." *Id.* To obtain appellate relief under the plain-error standard, a defendant bears the burden of persuasion and must show that: (1) an error occurred, (2) the error was clear or obvious, and (3) the error affected substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). To satisfy the third element, the defendant must demonstrate that the error "affected the outcome of the lower court proceedings." *Id*. Additionally, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *People v Allen*, 507 Mich 597, 614; 968 NW2d 532 (2021) (quotation marks and citation omitted).

## B. GENERAL PRINCIPLES

In *People v Dobek*, 274 Mich App 58, 63-64; 732 NW2d 546 (2007), this Court, discussing a prosecutor's role and commentary at trial, observed as follows:

> Given that a prosecutor's role and responsibility is to seek justice and not merely convict, the test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial. A defendant's opportunity for a fair trial can be jeopardized when the prosecutor interjects issues broader than the defendant's guilt or innocence. Issues of prosecutorial misconduct are decided case by case, and this Court must examine the entire record and evaluate a prosecutor's remarks in context. The propriety of a prosecutor's remarks depends on all the facts of the case.

A prosecutor's comments are to be evaluated in light of defense arguments and the relationship the comments bear to the evidence admitted at trial. Otherwise improper prosecutorial conduct or remarks might not require reversal if they address issues raised by defense counsel. [Quotation marks and citations omitted.]

## C. DISCUSSION

### 1. STATEMENTS DURING VOIR DIRE

Defendant first argues that the prosecution's reference during voir dire to the charge of "OWI third" constituted the improper introduction of defendant's past criminal record. "[P]rior convictions are not elements of the offense" for purposes of MCL 257.625; rather, they merely provide a basis for a sentencing enhancement. *People v Reichenbach*, 459 Mich 109, 127 n 19; 587 NW2d 1 (1998). "Under MRE 404(b), the prosecution may not present evidence of a defendant's other crimes, wrongs, or acts in order to show a defendant's propensity to commit a crime." *People v Railer*, 288 Mich App 213, 219; 792 NW2d 776 (2010).

Assuming that the prosecutor's allusion to "OWI third" during voir dire constituted improper commentary regarding defendant's past crimes in violation of MRE 404(b), the reference cannot reasonably be viewed as prejudicial. The prosecutor's sole mention of the charge as "OWI third" was made in passing while accurately explaining the burden of proof. At no time during the remainder of the trial did the jurors hear anything about defendant being previously convicted of OWI.[1] Neither the prosecutor nor the trial court defined the term "third" for the jury. It is conceivable that the jurors would not have understood from the surrounding context that the word "third" had any relationship to prior OWI convictions. Regardless, there was overwhelming evidence supporting the conviction, including the testimony of witnesses regarding defendant's erratic driving and intoxicated behavior and physical appearance, along with evidence of empty alcohol containers found in defendant's truck and a BAC of 0.198. Defendant has not demonstrated that any assumed error affected the outcome of the proceedings, that he is actually innocent, or that the fairness, integrity, or public reputation of the proceedings was seriously affected independent of defendant's innocence. In sum, we conclude that reversal is unwarranted on this claim of error.

### 2. STATEMENTS MADE DURING CLOSING REBUTTAL ARGUMENT

A prosecutor's closing remarks may provide an overview of the evidence provided at trial. See *People v Ericksen*, 288 Mich App 192, 199; 793 NW2d 120 (2010). "Prosecutors are typically afforded great latitude regarding their arguments and conduct at trial." *People v Unger*, 278 Mich 210, 236; 749 NW2d 272 (2008). "They are generally free to argue the evidence and all reasonable inferences from the evidence as it relates to their theory of the case." *Id*. But "[a] prosecutor may

---

[1] There was discussion on the record after the jury was selected and before initial instructions were given regarding defendant's prior OWI convictions. Outside the presence of the jury, the prosecutor asked for instructions on defendant's two prior OWI convictions on the basis that the charge was OWI "third." The trial court astutely declined to do so, agreeing with defendant that the issue of defendant's prior convictions was relevant only in relation to sentencing.

not imply in closing argument that the defendant must prove something or present a reasonable explanation for damaging evidence because such an argument tends to shift the burden of proof." *People v Savage*, 327 Mich App 604, 616; 935 NW2d 69 (2019) (quotation marks and citation omitted). Commenting on a defendant's failure to present evidence is an attempt to shift the burden of proof. *People v Fyda*, 288 Mich App 446, 464; 793 NW2d 712 (2010). That said, "attacking the credibility of a theory advanced by a defendant does not shift the burden of proof." *People v McGhee*, 268 Mich App 600, 635; 709 NW2d 595 (2005).

With respect to the prosecutor's comments that there was no evidence that defendant imbibed an alcoholic drink at the restaurant contrary to defense counsel's suggestion during opening statements, a prosecutor is permitted to remark that defense counsel failed to submit evidence of a fact that counsel claimed during an opening statement would be shown or demonstrated at trial. See *People v Fields*, 450 Mich 94, 115-116; 538 NW2d 356 (1995) (a prosecutor may comment on a defendant's failure to "prove[] what it said it would in its opening statement"); *People v Sanders*, 163 Mich App 606, 611; 415 NW2d 218 (1987) (the prosecutor "merely stated that defendant had not shown what he said he was going to show in his opening statement"). Moreover, the prosecutor was directly responding to defense counsel's remarks during her closing argument that the arresting officer lacked knowledge concerning what defendant did while he was inside the restaurant. See *Dobek*, 274 Mich App at 64 ("Otherwise improper prosecutorial conduct or remarks might not require reversal if they address issues raised by defense counsel."); see also *McGhee*, 268 Mich App at 635 (a prosecutor can attack the credibility of a theory advanced by a defendant).

Finally, assuming prosecutorial error or misconduct, the prosecutor's comments in the closing rebuttal argument were not prejudicial. The trial court instructed the jury that it "must start with the presumption that the defendant is innocent," that "[t]he prosecutor must prove each element of the crime beyond a reasonable doubt," that "[t]he defendant is not required to prove his innocence or do anything," that "[e]very defendant has the absolute right not to testify," and that a defendant's decision not to testify "must not affect your verdict in any way." Jurors are presumed to follow their instructions. *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004); see also *People v Meissner*, 294 Mich App 438, 458; 812 NW2d 37 (2011) (to the extent that the prosecutor's remarks exceeded permissible bounds, any prejudicial effect was cured by the trial court's instructions to the jury before deliberations). Additionally, as observed earlier, there was overwhelming evidence of defendant's guilt. Defendant has not demonstrated that any assumed error affected the outcome of the proceedings, that he is actually innocent, or that the fairness, integrity, or public reputation of the proceedings was seriously affected independent of defendant's innocence. In sum, we conclude that reversal is unwarranted on this claim of error.

Affirmed.

/s/ James Robert Redford
/s/ Michael F. Gadola
/s/ Michael J. Riordan